Jacob J. Schwartzwald, J.
In this action for a declaratory judgment seeking a determination of the rights of the parties relative to protection coverage under the terms of an insurance policy, the defendant Merchants Mutual Casualty Co. moves to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.
The facts briefly, as set forth in the complaint, reveal in part that the defendant Merchants Mutual Casualty Co. issued a policy of insurance to the defendant Jackson & Traub Freight Lines, Inc., that the policy provided that Merchants would pay on behalf of its insured all sums of money which they became obligated to pay as damages because of bodily injuries sustained by any person by accident arising out of the ownership, maintenance or use of the scheduled automobile; that the policy not only included the named insured but any person while using the insured’s vehicle with the permission of the insured, and that the use of the automobile included loading and unloading.
*178 On the date of the accident the defendant Favale, an employee of the plaintiff herein, sustained his injuries while in the process of unloading the insured’s vehicle. Action was instituted by this defendant for personal injuries against the defendants Jackson & Traub for their alleged negligence. Jackson then cross-complained over in a third-party action against the plaintiff herein claiming that the injuries received by Favale were due to the negligence of the plaintiff herein and it was bound to indemnify Jackson. Requests were made by the plaintiff of the defendant Merchants to defend the third-party action on the ground that it was an insured under the terms of the policy. Such demands were refused and plaintiff instituted the present action. It is argued by the moving defendant that the action is premature as the relief prayed for should abide the termination of the original suit and the third-party action as it well may be that the plaintiffs in those actions would be unsuccessful and an adjudication at this time would be futile.
It is unquestioned that a pleading challenged for legal insufficiency must be construed broadly and liberally and all the averments of the attacked pleading are taken as true. It is further well established that the general purpose of an action for a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations (James v. Alderton Dock Yards, 256 N. Y. 298). As to the appropriateness of actions for a declaratory judgment construing insurance contracts, the court in Prashker v. United States Guar. Co. (1 N Y 2d 584, 591-592) held that they “apply to situations where issues of fact on which the insurance coverage depends do not await to be adjudicated in the principal action. Almost all of them relate to the construction of insurance policies or whether an insurance company is obligated to defend a pending negligence action in which the assured is a party. The circumstance that some grounds are alleged in the complaints in the negligence actions which would involve the insurance company in liability, is enough to call upon it to defend these actions * * * The defense of the negligence actions cannot await their outcome; it must be undertaken now.”
As the relief sought herein is twofold, i.e., protection under the policy and coverage under the policy, the moving defendant must presently protect and defend the plaintiff herein if the plaintiff falls within the scope of the policy. As the court held in American Employers Ins. Co. v. Goble Aircraft Specialties (205 Misc. 1066, 1073), the duty to defend is broader than the duty to pay and an insurance company assumes the duty of *179 defending its assured “ ‘ even if such suit is groundless, false or fraudulent.’ * * * If, as we here hold, the complaints in the actions for wrongful death are sufficient, then the plaintiff is required to defend irrespective of the ultimate liability of the assureds ”. (Italics supplied.)
As heretofore indicated, the policy insured not only the named insured but any person while using the insured’s vehicle with their permission and such use included loading and unloading. It is undisputed that plaintiff through its employees was in the process of unloading the contents of the trailer with the permission of the named insured. In such situations the courts have held that the person in the process of unloading falls within the protection of the policy and is deemed an insured even though such person is not an employee of the named insured (Wagman v. American Fidelity & Cas. Co., 304 N. Y. 490). The motion to dismiss is denied. Settle order on notice.