**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**OHIO FARMERS INDEMNITY COMPANY, Appellee.**

No. 13535.

United States Court of Appeals
Sixth Circuit.

Dec. 23, 1958.

Lively M. Wilson, Louisville, Ky., Stites, Wood, Helm & Peabody, Louisville, Ky., of counsel, for appellant.

Joseph E. Stopher, Louisville, Ky., (A. J. Deindoerfer, Raymond O. Harmon, Louisville, Ky., of counsel, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on the brief), for appellee.

Before ALLEN, Chief Judge, SIMONS, Circuit Judge, and GOURLEY, District Judge.

PER CURIAM.

In this case plaintiff [1] insurance company claims that defendant's insurance policy covers an injury for which plaintiff may be liable under its general liability policy insuring Pillsbury Mills, Inc., for all sums which Pillsbury should become legally obligated to pay as damages because of bodily injury sustained by any person or caused by accident. An accident occurred when Willie Perry, an employee of Bundy Bros. Milling Company, assisted two of Pillsbury's employees in unloading corn from Bundy's truck into Pillsbury's plant. Perry filed suit against Pillsbury and the two employees to recover for serious injuries on the ground that the accident was due to the alleged negligence of Pillsbury's servants or to the negligent use by Pillsbury of defective machinery. Bundy Bros. Milling Company is covered by a policy of liability insurance issued by defendant and this action seeks a declaratory judgment holding that defendant is obligated to defend the action against Pillsbury and otherwise determining the obligations of plaintiff and defendant under their respective policies. The District Court entered judgment declaring defendant to be under no liability to defend the action against Pillsbury.

Defendant's policy contained an exclusion clause which stated: "This Policy Does Not Apply:

\* \* \* \* \* \*

"(c) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the Insured while engaged in the employment, other than domestic, of the Insured \* \* \*."

The omnibus clause of defendants' policy defines the term "Insured" to include the named insured, namely, Bundy Bros. Milling Company, the employer of the man injured, and any person or organization legally responsible for the use of a car with the permission of the named insured.

■■■ There is no ambiguity in the exclusion clause of defendant's policy and no inconsistency is shown between this and other clauses of the instrument. It does not require construction. All that is required is enforcement according to the terms clearly expressed in the instrument. Pillsbury and its employees are not insured under defendant's policy unless they are included as additional persons insured under the omnibus clause. Neither is plaintiff a party to defendant's policy. Plaintiff is not entitled under defendant's contract with Bundy Bros. Milling Company to have its possible liability under its own contract with Pillsbury imposed upon defendant. The true construction of defendant's policy is that no employee of the named insured engaged in the named insured's business can recover against anyone included as an additional insured. Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725. In accord is Lumber Mutual Casualty Insurance Company of New York v. Stukes, 4 Cir., 164 F.2d 571, 573, opinion by Judge John J. Parker. Speaking for the court, Judge Parker said: "There can be no question that the purpose was to apply the exclusion to employees of an additional insured as well as to those of the named assured \* \* \*."

It would serve no useful purpose to repeat the findings and conclusions stated by the District Court in a carefully drawn memorandum which discusses in detail the applicable authorities.

Upon the grounds stated and reasons given in its memorandum opinion, findings of fact and conclusions of law, the judgment of the District Court is affirmed.

---

1. The parties will be denominated as in the court below.