288 F.2d 734
 Gladys H. KELLY (formerly Gladys H. Nolan), Executrix of the Will of Thomas D. Nolan, Deceased, Doing Business as Thomas D. Nolan, Contractor, and Charles L. Thompson, Plaintiffs-Appellants,
v.
STATE AUTOMOBILE INSURANCE ASSOCIATION, Defendant-Appellee.
 No. 14199.
 United States Court of Appeals Sixth Circuit.
 April 13, 1961.
 
 Gavin H. Cochran, Louisville, Ky. (Peter, Heyburn & Marshall, Louisville, Ky., for Gladys H. Kelly, and Woodward, Hobson & Fulton and Robert P. Hobson, Louisville, Ky., for Charles L. Thompson, on the brief), for appellants.
 Henry V. B. Denzer, Louisville, Ky. (Edward J. Hogan, Louisville, Ky., on the brief), for appellee.
 Before MARTIN, MILLER and WEICK, Circuit Judges.
 WEICK, Circuit Judge.
 
 
 1
 The action below was for declaratory judgment to construe a policy of automobile liability insurance. It was sought to determine whether coverage was afforded by the insurance to an additional insured under the omnibus clause of the policy with respect to a claim for personal injuries asserted by an employee of the named insured against said additional insured.
 
 
 2
 The facts were not in dispute and only a legal question was presented. Underwood Transportation Company was the owner of a lowboy trailer and tractor and the named insured under a policy of liability insurance issued by State Automobile Insurance Association.
 
 
 3
 Underwood hauled a crane and spare boom owned by Thomas D. Nolan, a contractor, from Indianapolis to Louisville in said tractor-trailer outfit which was driven by its employee Christian Pothast. Upon arrival at destination, Pothast and Charles S. Thompson, a crane operator employed by Nolan, undertook to unload the equipment from the trailer. While they were so engaged, Thompson moved the boom of the crane he was operating in order to attach the hook at the end of its cable to the spare boom lying on the trailer. The hook failed to fasten onto the spare boom and whipped off striking Pothast in the eye, which was later enucleated.
 
 
 4
 Pothast brought suit in the District Court against Nolan to recover damages for the loss of his eye due as he claimed to the negligence of Nolan's employee Thompson. Nolan filed a third-party complaint against his own employee Thompson seeking indemnity from him against any recovery which Pothast might make against Nolan.
 
 
 5
 The insuring agreement in Underwood's policy issued by State provided:
 
 
 6
 "[The insurer] hereby agree[s] * * *
 
 
 7
 "1. Coverage A — Bodily Injury Liability to Pay on Behalf of the Assured all sums which the Assured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, and arising out of the ownership, maintenance or use of the automobile."
 
 
 8
 Under the policy, "use" of the automobile was defined to include the loading and unloading thereof. It was not disputed that Underwood's tractor-trailer outfit which transported the crane and its spare parts was an automobile insured under the policy issued by State.
 
 
 9
 The "Omnibus" clause of the policy in paragraph (a) of Section XII of the insuring agreements provided:
 
 
 10
 "The unqualified word `Assured' whenever used with respect to the Insurance for Bodily Injury Liability and Property Damage Liability includes the Named Assured * * and also includes any person while using the automobile * * * provided the actual use of the automobile is by the Named Assured or * * * with [its] permission. * * *"
 
 
 11
 The "Employee Exclusion" clause in paragraph (c) of the Policy Exclusions provided no coverage for bodily injury liability to:
 
 
 12
 "any employee of an Assured, while engaged in the employment of such Assured, except a domestic employee for whom benefits are neither required nor payable under any Workmen's Compensation Law."
 
 
 13
 The so-called "Severability of Interests" clause in paragraph (c) of Section 3 of the Policy Conditions provided:
 
 
 14
 "(c) Coverages A and B. The term `the Assured' is used severally and not collectively, but the inclusion herein of more than one Assured shall not operate to increase the limits of the [insurer's] liability."
 
 
 15
 The District Judge followed our decision in Travelers Insurance Company v. Ohio Farmers Indemnity Co., 6 Cir., 1958, 262 F.2d 132 affirming D.C., 157 F. Supp. 54 which held that the policy of liability insurance there involved did not cover an additional insured with respect to a claim for personal injuries asserted against such additional insured by an employee of the named insured and entered judgment accordingly. Nolan and Thompson have appealed to this Court.
 
 
 16
 Since the appeal, Liberty Mutual Insurance Co., Nolan's insurer, settled Pothast's claim for personal injuries for $28,291.71. Nolan's rights against his employee Thompson were reserved. Pothast was also paid $6,547.71 for Workmen's Compensation benefits by Employers Mutual Liability Insurance Company which was Underwood's compensation carrier. Appellants claim that both Nolan and Thompson were additional insureds under Underwood's policy.
 
 
 17
 The "severability of interests" clause was inserted in standard automobile liability insurance policies in 1955. In cases construing pre-1955 policies the courts have been in irreconcilable conflict on the question whether coverage was afforded to an additional insured with respect to claims for personal injuries asserted against such insured by an employee of the named insured. See: 50 A.L.R.2d 99. One line of authorities held that there was no coverage,[1] the other that there was.[2] We have found no decision on the question by the Kentucky courts. We are, therefore, free to adopt the rule which we think is sound and supported by the better reasoning. This Court held in Travelers Insurance Co. v. Ohio Farmers Indemnity Co., supra, that no coverage was afforded. We cited with approval and followed the opinion of the late Judge Parker in Lumber Mutual Casualty Insurance Co. v. Stukes, 4 Cir.1947, 164 F.2d 571. In Travelers, we said:
 
 
 18
 "The true construction of defendant's policy is that no employee of the named insured engaged in the named insured's business can recover against anyone included as an additional insured." [262 F.2d 133].
 
 
 19
 Appellants contend that the better reasoned cases construing pre-1955 policies held that the obligations of the insurer to the named insured and the additional insured should be treated separately and the exclusion provision treated as if a separate policy had been issued to the person invoking its coverage. So considered, Pothast was not an employee of either Nolan or Thompson and, therefore, the exclusion provision would not apply.[3]
 
 
 20
 Appellants urge that the very purpose of the policy revision inserting the "severability of interests" clause was to clarify the confusion which theretofore had existed on account of the conflicting decisions and to definitely settle the question of coverage.[4] There is no evidence in the record, however, that this was the purpose.
 
 
 21
 Appellants further contend that our decision in Travelers is not controlling because it did not involve the "severability of interests" clause which is contained in the policy of insurance in the present case.
 
 
 22
 Appellee, on the other hand, claims that the purpose of the clause was to limit the liability of the insurer against claims asserted by third parties against the named insured and the additional insured jointly.
 
 
 23
 The "severability of interests" clause has been judicially construed. In General Aviation Supply Co. v. Insurance Company of North America, D.C.E.D.Mo. 1960, 181 F.Supp. 380 the court construed the clause as affording coverage to the additional insured. The court cited as authority the case of Standard Oil Company of Texas v. Transport Insurance Company, Tex.Civ.App. 324 S.W.2d 331. The only trouble with the cited case (Standard Oil) is that it was reversed by the Supreme Court of Texas. Transport Insurance Company v. Standard Oil Company of Texas, Tex.1960, 337 S.W.2d 284, 289. In that case, Standard Oil Co. contended that under the severability of interests clause, where the policy excluded liability to an employee of the insured, that the word insured meant the insured against whom the claim was asserted. It argued that there was coverage because the injured employee had asserted no claim against his employer, the named insured, but only against the additional insured.
 
 
 24
 On page 289 of the opinion, the Supreme Court of Texas answered these contentions of appellant. The Court said:
 
 
 25
 "The addition of the `severability of interests' clause does not indicate that the drafters of the policy form by the addition of such clause intended that the word `insured' means only the person claiming coverage. We cannot adopt Standard's theory that by severing the interests in the case at bar, Standard is an insured under the `omnibus clause' contained in the policy; the basis for Standard's contention being that the `severability of interests' clause warrants the addition after the word `insured' the words `the insured who is asking for a defense', or `the insured against whom the claim is made.'"
 
 The Court continued on page 290:
 
 26
 "We have concluded that the `severability of interests' clause in the present policy cannot alter the * * cases relied upon by Transport. It is uncontroverted that the workmen's compensation insurance carrier of Transport Company of Texas was held liable under the Texas Workmen's Compensation Act for injuries sustained by Annis. It follows that Standard's theory by adding the words `against whom the claim is made' coverage was not excluded must be rejected, even though the policy contains `the severability of interests' clause. Exclusion (g) of the policy issued by Transport to the Transport Company * * * clearly says that the policy does not cover `bodily injury to * * * any employee of the insured.' Exclusion (f) of the policy in equally as plain language, says that the policy does not apply under bodily injury liability to `any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation * * * law.'
 
 
 27
 "In the policy involved here there is no ambiguity in the exclusion clauses and no inconsistency is shown between the exclusionary clauses and the `severability of interests' clause in the policy. The clear and unambiguous terms of the policy leads us to hold that no employee of the named insured engaged in the named insured's business can recover on the named insured's policy against anyone included as an additional insured. See Travelers v. Ohio Farmers Indemnity Co., 6 Cir., 1958, 262 F.2d 132."
 
 
 28
 In our case, the policy excluded coverage for bodily injury liability to "any employee of an insured. * * *" It would seem clear that Underwood was "an insured," in fact the named insured which had taken out and paid for the policy of insurance. Pothast was its employee and was injured while in its employment. The remainder of the exclusion excepted a domestic employee not covered by workmen's compensation.
 
 
 29
 Certainly Underwood, having paid for workmen's compensation insurance for the protection of its employees would not ordinarily take out liability insurance at its own expense to protect itself from any claim its employees might have against it or any third person. In other words, Underwood was paying for the protection of its liability insurance against claims asserted by the public, and not by its own employees.
 
 
 30
 In our judgment, if it was intended by the severability of interests clause to provide coverage in a case like the present one, the language used was inadequate for that purpose. We can only enforce the policy as it was written.
 
 
 31
 The judgment of the District Court, therefore, is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Lumber Mutual Casualty Insurance Co. of New York v. Stukes, 4 Cir., 1947, 164 F.2d 571; Johnson v. Aetna Casualty & Surety Co., 5 Cir., 1939, 104 F.2d 22; American Fidelity & Casualty Insurance Co. v. St. Paul-Mercury Indem. Co., 5 Cir., 1957, 248 F.2d 509; Travelers Insurance Co. v. Ohio Farmers Indem. Co., 6 Cir., 1958, 262 F.2d 132; Webb v. American Fire & Cas. Co., 1941, 148 Fla. 714, 5 So.2d 252; Continental Casualty Co. v. Pierce, 1934, 170 Miss. 67, 154 So. 279; Simpson v. American Auto Ins. Co., Mo. App.1954, 327 S.W.2d 519; Clinton Cotton Oil Co. v. Hartford Accid. & Indemni. Co., 1936, 180 S.C. 459, 186 S.E. 399; Birrenkott v. McManamay, 1937, 65 S.D. 581, 276 N.W. 725; Shawcroft v. Standard Accid. Ins. Co. of Detroit, 1934, 177 Wash. 106, 30 P.2d 987; Associated Indemnity Co. v. Wachsmith, 1940, 2 Wash.2d 679, 99 P.2d 420, 127 A.L.R. 531
 
 
 [2]
 Ginder v. Harleysville Mut. Cas. Co., 3 Cir., 1943, 135 F.2d 215 (affirming D.C., 49 F.Supp. 745); State Farm Mutual Automobile Insurance Co. v. Mackecknie, 8 Cir., 1940, 114 F.2d 728; Kaifer v. Georgia Cas. Co., 9 Cir., 1933, 67 F.2d 309; St. Paul-Mercury Indemnity Co. v. American Fid. & Cas. Co., D.C.M.D.Ala.1956, 146 F.Supp. 39; Travelers Insurance Co. v. American Fid. & Cas. Co., D.C.Minn.1958, 164 F.Supp. 393; Canadian Indemnity Co. v. State Automobile Insurance Ass'n, D.C.Ore., 1959, 174 F.Supp. 71, 81; New v. General Cas. Co. of America, D.C.M.D.Tenn. 1955, 133 F.Supp. 955; Pleasant Valley Lima Bean Growers & Warehouse Ass'n v. Cal-Farm Ins. Co., 1956, 142 Cal. App.2d 126, 298 P.2d 109; Pullen v. Employers Liability Assur. Corp., 1956, 230 La. 867, 89 So.2d 373; Motor Vehicle Casualty Co. v. Smith, 1956, 247 Minn. 151, 76 N.W.2d 486; Farm Bureau Mutual Automobile Insurance Co. v. Manson, 1947, 94 N.H. 389, 54 A.2d 580; Maryland Casualty Co. v. New Jersey Mfrs. Ins. Co., 1958, 48 N.J.Super. 314, 137 A.2d 577; Morgan v. Greater N. Y. Taxpayers Mut. Ins. Ass'n, 1956, 305 N.Y. 243, 112 N.E.2d 273; Universal Carload & Distributing Co. v. Merchants Mut. Cas. Co., et al., 1957, 9 Misc.2d 177, 167 N.Y.2d 655; Greaves v. Public Service Mut. Ins. Co., 1959, 5 N.Y.2d 120, 181 N.Y.S.2d 489, 155 N.E.2d 390; Home Indemnity Co. v. Village of Plymouth, 1945, 146 Ohio St. 96, 64 N.E.2d 248; Travelers Insurance Co. v. Buckeye Union Cas. Co., Ohio Com.Pl.1959, 160 N.E. 2d 874; Montgomery v. Keystone Mut. Cas. Co., 1947, 357 Pa. 223, 53 A.2d 539; Ayres v. Harleysville Mut. Cas. Co., 1939, 172 Va. 383, 2 S.E.2d 303; Employers Mutual Liability Insurance Co. v. Tollefsen, 1935, 219 Wis. 434, 263 N.W. 376; Vick v. Brown, 1949, 255 Wis. 147, 38 N.W.2d 716; Buck v. Home Mut. Cas. Co., 1951, 258 Wis. 538, 46 N.W.2d 749; Sandstrom v. Clausen's Estate, 1951, 258 Wis. 534, 46 N.W.2d 831; McMann v. Faulstich, 1951, 259 Wis. 7, 47 N.W.2d 317; Zippel v. Country Gordens, Inc., 1952, 262 Wis. 567, 55 N.W. 2d 903; Severin v. Luchinske, 1955, 271 Wis. 378, 73 N.W.2d 477; Matteson v. Johnson, 1957, 275 Wis. 615, 82 N.W.2d 881
 
 
 [3]
 Greaves v. Public Service Mutual Insurance Co., 1959, 5 N.Y.2d 120, 181 N.Y.S.2d 489, 155 N.E.2d 390; Pullen v. Employers Liability Insurance Corp., 1956, 230 La. 867, 89 So.2d 373; Maryland Casualty Co. v. New Jersey Mfrs. Ins. Co., 1958, 48 N.J.Super. 314, 137 A.2d 577. See also: 18 La.L.Rev. 200 (1957); 24 Univ. of Kansas L.Rev. 65 (1955)
 
 
 [4]
 388 Ins.Law Journal 328, 333 (May, 1955)