308 F.2d 697
 AMERICAN FIDELITY & CASUALTY COMPANY, Inc., Plaintiff-Appellee
v.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, John W. Brummett, and Farm Bureau Cooperative Association, Inc., Defendants-Appellants.
 No. 14736.
 United States Court of Appeals Sixth Circuit.
 October 10, 1962.
 
 John O. Henry, Dayton, Ohio, for defendants-appellants.
 Estabrook, Finn & McKee, by Harry L. Lawner and John O. Henry, Dayton, Ohio, on the brief, for Farm Bureau Cooperative Assn., Inc., and Indemnity Ins. Co. of North America.
 Cowden, Pfarrer, Crew & Becker, by Philip R. Becker, Dayton, Ohio, on the brief, for appellant John W. Brummett.
 F. Thomas Green, Dayton, Ohio, for plaintiff-appellee, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, on the brief.
 Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.
 SHACKELFORD MILLER, Jr., Chief Judge.
 
 
 1
 This declaratory judgment action was filed by the appellee, American Fidelity & Casualty Company, hereinafter referred to as American Fidelity, as the insurance carrier of Stillpass Transit Company, hereinafter referred to as Transit Company, to have declared the extent of its coverage under a Retroactive National Standard Automobile Liability policy with respect to injuries suffered by an employee of Transit Company during the unloading of a Transit Company tractor-tank-trailer. It named as defendants, Farm Bureau Cooperative Association, hereinafter referred to as Farm Bureau, on whose premises the accident occurred, John W. Brummett, an employee of Farm Bureau, and the Indemnity Insurance Company of North America, which carried a general liability policy covering Farm Bureau.
 
 
 2
 The following facts were stipulated. On January 29, 1959, Carl Candler, an employee of Transit Company, drove a tractor-tank-trailer owned by Transit Company, which was loaded with sulfuric acid, to the premises of Farm Bureau in Dayton, Ohio, for the purposes of delivering the sulfuric acid to Farm Bureau. Upon Candler's arrival at the premises of Farm Bureau, John Brummett, who was regularly employed by Farm Bureau, proceeded within the scope of such employment to unload the sulfuric acid from the tank-trailer by application of compressed air to the tank-trailer. After the unloading had commenced a hissing noise was heard by Candler and Brummett. Candler climbed to the top of the tank-trailer to investigate this hissing noise. After climbing up on the tank-trailer and while in the immediate vicinity of the loading hatch, the hatch door opened, allowing sulfuric acid to be thrown upon Candler, resulting in severe injuries to him.
 
 
 3
 Candler filed a petition against Farm Bureau in the Common Pleas Court of Montgomery County, Ohio, based upon the accident and injuries suffered by him. Brummett was not made a party to this action.
 
 
 4
 Candler was covered by and received the benefits under the Workmen's Compensation Act of Ohio for the injuries received by him in the accident, such claim being handled on the basis of Candler being an employee of Transit Company.
 
 
 5
 At the time of the accident Transit Company was insured under a Retroactive National Standard Automobile Liability insurance policy issued by the plaintiff, American Fidelity. The policy obligated the American Fidelity "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." The policy also provided as follows: "With respect to the insurance for bodily injury liability * * * the unqualified word `insured' includes the named insured and also includes any person, while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission." Use of the automobile for the purposes stated included the loading and unloading thereof.
 
 
 6
 The policy also contained the following exclusions: "This policy does not apply * * * (d) * * * to bodily injury to * * * any employee of the insured while engaged in the employment * * of the insured. * * * (e) * * * to any obligation for which the insured or any company as his insuror may be held liable, under any workmen's compensation law; * * *."
 
 
 7
 American Fidelity contended that although Farm Bureau and Brummett, its employee, were insured under the omnibus clause in its policy, there was no liability to Candler, an employee of Transit Company, because of the provision excluding liability for bodily injury to "any employee of the insured." Farm Bureau and Indemnity Insurance Company contended that the exclusion provision was not applicable because Candler, although an employee of the named insured, was not an employee of Farm Bureau, the additional insured, who was the defendant in the action filed by Candler in the state court. As pointed out by this Court in Kelly v. State Automobile Insurance Association, 288 F.2d 734, 735-736, C.A. 6th, there is a sharp conflict in the authorities throughout the country on this question. The District Judge ruled that Candler was an "employee of the insured" within the exclusion provision of American Fidelity's policy and absolved American Fidelity of any insurance coverage of the accident under the policy involved. This appeal followed.
 
 
 8
 Since this is a diversity case, the law of the State of Ohio is controlling. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The parties agree that the Supreme Court of Ohio has not ruled on the issue presented. It is now well settled that if the state's highest court has not declared the applicable law, it is the obligation of the federal court in a diversity case to follow the law as expressed by an intermediate state appellate court, and to do so even if the federal court may think the law as so expressed is unsound in principle or that another rule is preferable, unless it is convinced that the highest court of the state would decide otherwise. West v. A. T. & T. Co., 311 U.S. 223, 236-237, 61 S.Ct. 179, 85 L.Ed. 139; Six Companies v. Highway Dist., 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Stoner v. New York Life Ins. Co., 311 U.S. 464, 468, 61 S.Ct. 336, 85 L.Ed. 284; John Hancock Mutual Life Insurance Co. v. Tarrence, 244 F.2d 86, 87, C.A. 6th.
 
 
 9
 The District Judge recognized this rule, but was of the opinion that neither the Ohio Supreme Court nor an intermediate Ohio appellate court had ruled on the question, and that accordingly he was free to exercise his independent judgment in the matter and to adopt the rule which he thought was sound and was supported by the better reasoning. Kelly v. State Automobile Insurance Association, supra, 288 F.2d 734, 736, C.A. 6th. He was of the opinion that the better ruling on the question involved was as held by this Court in Travelers Insurance Co. v. Ohio Farmers Indem. Co., 262 F.2d 132, C.A. 6th, affirming D.C., 157 F.Supp. 54, and Kelly v. State Automobile Insurance Association, supra, 288 F.2d 734, C.A. 6th, in which, under similar policy provisions and similar factual circumstances, coverage of an employee of the named insured had been denied.
 
 
 10
 Appellants contend that although there is no ruling by the Supreme Court of Ohio on the question involved, there is a ruling by the Eighth Appellate District Court of Appeals for Ohio, which held under a similar factual situation that the exclusion provision of the policy there involved was not applicable and that this ruling is controlling in this case under West v. A. T. & T. Co., supra, 311 U.S. 223, 61 S.Ct. 179, and other Supreme Court cases hereinabove referred to. That case is styled American Automobile Insurance Co. v. Motorist Mutual Insurance Co., et al., and was tried in the Court of Common Pleas for Cuyahoga County, Ohio. The trial judge wrote an opinion upon which the appellants rely, which, however, was unreported. On appeal to the Eighth Appellate District Court of Appeals that Court affirmed the judgment by order without opinion or statement of reasons therefor. Motion to certify to the Ohio Supreme Court was overruled, which, however, under the ruling in Keesecker v. McKelvey Co., 141 Ohio St. 162, 169, 47 N.E.2d 211, did not constitute an affirmance of the judgment of the Court of Appeals. See also: Helleren v. Dixon, 152 Ohio St. 40, 47, 86 N.E.2d 777.
 
 
 11
 Since the ruling of the Supreme Court in the West case, supra, that Court has held in King v. Order of Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, that the rulings in the Erie Railroad Co. case, supra, and the West case, supra, do not require a federal court in a diversity case to follow a ruling on state law by a county court of common pleas of a state whose decisions are not reported and, under state practice, are binding only on the parties to the particular case and do not constitute precedents in any other case in that court or any other court of the state. This ruling was based upon the practical administration of the Rules of Decision Act. The Court pointed out that the decisions of the courts of common pleas in South Carolina, the state which was there involved, were not published or digested in any form whatsoever, were filed only in the counties in which the cases were tried, and that litigants could find all the decisions on any given subject only by laboriously searching the judgment rolls in all of South Carolina's forty-six counties, which difficulty in the opinion of the Court was "a matter of great practical significance." It was also pointed out that a federal court adjudicating a matter of state law in a diversity case was in effect only another court of the state, Guaranty Trust Co. v. York, 326 U.S. 99, 108, and that it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court. Such considerations we think are equally applicable to the ruling of the Common Pleas Court for Cuyahoga County, Ohio, in American Automobile Insurance Co. v. Motorist Mutual Insurance Co., supra, and other rulings of common pleas courts in Ohio, relied upon by appellants.
 
 
 12
 Appellants contend, however, that the affirmance of the judgment in that case by order of the Court of Appeals constitutes a statement of Ohio law by the Court of Appeals which is binding on the District Court under the ruling in the West case, supra. We do not agree. The order, without an accompanying opinion or statement of reasons therefor, affirmed the judgment of the Common Pleas Court, but it did not approve the opinion of the trial court or adopt its reasoning. Victor Talking Mach. Co. v. Hoschke, 188 F. 326, 328, C.A. 2nd; Rogers v. Decker, 131 N.Y. 490, 493, 30 N.E. 571; People ex rel. Palmer v. Travis, 223 N.Y. 150, 156, 119 N.E. 437. It is well settled that a correct judgment must be affirmed by an appellate court although the trial court gave a wrong reason for its action. Agricultural Ins. Co. v. Constantine, 144 Ohio St. 275, 284, 58 N. E.2d 658; Riley Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36. The order of the Court of Appeals affirming the judgment did not state that it did so "on the opinion of the trial judge" or "for the reasons given by the trial judge." It does not disclose its reasons for the affirmance. Under the circumstances we do not believe that the case is a rule of decision by an Ohio court "commonly accepted and acted upon by the bar and inferior courts" within the meaning of West v. A. T. & T. Co., supra, 311 U.S. 223, at p. 236, 61 S.Ct. at p. 183.
 
 
 13
 In the absence of controlling Ohio law, we are of the opinion that the District Judge was not in error in following the recent rulings of this Court in the Travelers Insurance Co. case and the Kelly case, hereinabove referred to.
 
 
 14
 The judgment is affirmed.