**MARYLAND CASUALTY COMPANY, Plaintiff-Appellant,**

v.

**AMERICAN FIDELITY AND CASUAL-TY COMPANY, Defendant-Appellee.**

No. 15484.

United States Court of Appeals Sixth Circuit.

April 15, 1964.

E. Blake Moore, Chattanooga, Tenn., for appellant, Spears, Moore, Rebman & Williams, Alvin O. Moore, Chattanooga, Tenn., on the brief.

Sizer Chambliss, Chattanooga, Tenn., for appellee, F. Thornton Strang, Chattanooga, Tenn., on the brief, Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., of counsel.

Before WEICK, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.

PER CURIAM.

The plaintiff insurance company paid a judgment for personal injuries under a public liability insurance policy covering the company against which the judgment was obtained. It then brought this action against the defendant insurance company by way of subrogation to the rights of the judgment debtor under the omnibus clause of an automobile liability policy issued by the defendant to another party as the named insured. The facts are undisputed and are fully stated in the opinion of the District Judge, reported at Maryland Casualty Co. v. American Fidelity & Casualty Co., 217 F.Supp. 688, E.D. Tennessee. Judgment was entered for the defendant.

The issue involved is the construction to be given to an employee exclusion clause in a standard automobile liability insurance policy issued by the defendant, American Fidelity and Casualty Company, to a named insured, which also extended coverage to any person while using the automobile with the permission of the named insured, when an employee of the named insured is injured by reason of the negligence of an employee, not of the named insured, but of one who is covered by the extended insurance.

Jurisdiction is based upon diversity of citizenship and the amount involved. Tennessee law is applicable.

This question has had the consideration of this Court on three prior occasions. Travelers Insurance Co. v. Ohio Farmers Indemnity Co., 262 F.2d 132, C.A.6th; Kelly v. State Automobile Insurance Association, 288 F.2d 734, C.A. 6th; and American Fidelity & Casualty Co. v. Indemnity Ins. Company of North America, 308 F.2d 697, C.A.6th, cert. denied, 372 U.S. 942, 83 S.Ct. 935, 9 L.Ed.2d 968, the first two cases involving the law of Kentucky, and the third case involving the law of Ohio. In each of those cases it was held that coverage did not exist under the policy because of the employee exclusion clause in the policy. The divergent views of the courts throughout the country on this issue are pointed out in Kelly v. State Automobile Insurance Association, supra, and also in the District Court's opinion in this case.

The plaintiff in the present case urged upon the District Judge that the employee exclusion clause be construed under the law of Tennessee as not denying coverage under the defendant's policy.

The District Judge found no binding precedent in the law of Tennessee. Reference is made to his opinion for a discussion of the Tennessee cases relied upon by the plaintiff. He expressed the opinion that if the issue was an open one he would rule that the employee exclusion clause did not deny coverage under the defendant's policy. However, he felt constrained under the decisions of this Court in the Travelers Insurance Co. case, supra, and the Kelly case, supra, to rule that coverage did not exist under defendant's policy.

We are urged on this appeal to reconsider our previous rulings on this issue. Under the principle of stare decisis we think that it is inadvisable to do so and that the District Judge ruled correctly in following the prior decisions of this Court. Toolson v. New York Yankees, 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64, rehearing denied, 346 U.S. 917, 74 S.Ct. 271, 98 L.Ed. 412; Cold Metal Process Co. v. E. W. Bliss Co., 285 F.2d 231, 235–237, 239, C.A.6th, cert. denied 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235; Kowalski v. Chandler, 202 F.2d 413, C.A.6th, affirmed, 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64, rehearing denied, 346 U.S. 917, 74 S.Ct. 271, 98 L.Ed. 412; John M. Hirst & Co. v. Gentsch, 133 F.2d 247, 249, C.A.6th; RD-DR Corporation v. Smith, 183 F.2d 562, 565, C.A.5th, cert. denied, 340 U.S. 853, 71 S.Ct. 80, 95 L.Ed. 625.

The judgment is affirmed.