**CHRYSLER CORPORATION, a Delaware corporation, Plaintiff,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, Defendant and Third-Party Plaintiff,**

**v.**

**HARTFORD ACCIDENT & INDEMNITY COMPANY, a foreign corporation, Third-Party Defendant.**

**Civ. A. No. 30924.**

United States District Court, E. D. Michigan, S. D.

June 15, 1971.

---

Jon Feikens, Dice, Sweeney & Sullivan, Detroit, Mich., for plaintiff and third-party defendant.

G. Cameron Buchanan, John N. Highland, Alexander, Buchanan & Conklin, Detroit, Mich., for defendant and third-party plaintiff.

## OPINION

FREEMAN, Chief Judge.

This is a diversity action in which plaintiff, Chrysler Corporation, seeks a declaratory judgment establishing that it is covered by an insurance policy issued by the defendant, Insurance Company of North America, and ordering defendant to undertake plaintiff's defense in a suit commenced in the Circuit Court for the County of Wayne, State of Michigan. The defendant, Insurance Company of North America (INA), has, in turn, filed a Third-Party Complaint against Hartford Accident & Indemnity Company, alleging that Hartford, not the Insurance Company of North America, has the duty to defend Chrysler Corporation in the Michigan Circuit Court action.

The case is now before the court on plaintiff's motion for summary judgment on its claim against INA, and INA's cross-motion for summary judgment on that claim. The third-party defendant, Hartford Accident & Indemnity Company, has also asked the court to dismiss the third-party complaint in its answer to that complaint, but this motion has not been scheduled for argument.

The basic facts which surround Chrysler's claim against INA are not in dispute and are as follows. Jones Motor Company owned a tractor-trailer which was covered by an insurance policy, along with four Endorsements, issued by INA. During the effective period of the insurance contract, which ex-tended from September 30, 1964 to September 30, 1967, the tractor-trailer was driven by Andrew Caudell, an employee of Jones Motor Company, to a Chrysler Corporation plant where Chrysler employees with the permission of Jones Motor Company, proceeded to unload steel beams from the vehicle.

Subsequently, Andrew Caudell instituted suit against Chrysler Corporation in the Circuit Court for Wayne County, alleging that he was injured due to Chrysler's negligent unloading of the steel beams from the tractor-trailer. This case is still pending against Chrysler Corporation in the Circuit Court. Caudell, however, as an employee of Jones Motor Company, is presently receiving compensation benefits under the applicable workmen's compensation law for the injuries he sustained during the unloading accident.

On these facts, Chrysler Corporation contends that it is an additional insured under the "Omnibus" clause contained in the policy between defendant INA and Jones Motor Company, and that defendant has, under this clause, a duty to defend Chrysler in the Caudell lawsuit, but defendant refuses to do so. The provisions in the insurance policy on which Chrysler relies to establish its right to coverage as an additional insured state:

"1. Coverage A—Bodily Injury Liability. To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile."

Endorsement 4—"Omnibus Clause"
"1. Definition of Insured. As respects such insurance, insuring Agreement III, Definition of Insured, is replaced by the following: With respect to the insurance for Bodily Injury Liability * * * the unqualified word 'insured' includes the named insured, and also includes any person

while using an owned automobile or a hired automobile or any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"

"4. Purposes of Use Defined.

(c) Use of an automobile includes the loading and unloading thereof."

While INA concedes Chrysler is an additional insured under the INA-Jones policy, it contends that this policy expressly excludes coverage to Chrysler in the present situation because the personal injuries for which Chrysler, as an additional insured, claims coverage were sustained by an employee of Jones Motor Company, the named insured, and are payable under a workmen's compensation Act. The clauses in the insurance contract relevant to such an exclusion provide:

*Exclusions*

"This policy does not apply:

(b) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the *insured* arising out of and in the course of (1) domestic employment by the *insured*, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the *insured*;

(c) Under coverage A, to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; * * *."

*8. Severability of Interest*

"The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

According to INA, these clauses must be interpreted to mean that when an employee of the named insured under the policy sues an additional insured under the policy, coverage is barred if the employee is entitled to benefits under a workmen's compensation act; this, of course, is precisely the situation now before the court. Moreover, in its construction of these clauses, INA is supported by the Sixth Circuit Court of Appeals, which has concluded, in a diversity case involving Kentucky law, that an employee exclusion clause, a severability of interest clause, and an omnibus clause identical to those involved here afford no coverage to an additional insured for a personal injury claim asserted against it by the employee of the named insured. Kelly v. State Automobile Insurance Ass'n. 288 F.2d 734 (6th Cir. 1961); Maryland Casualty Co. v. American Fidelity and Casualty Co., 330 F.2d 526 (6th Cir. 1964) (Tennessee law); American Fidelity and Casualty Co. v. Indemnity Insurance Co. of North America, 308 F.2d 697 (6th Cir. 1962) (Ohio law), cert. denied, 372 U.S. 942, 83 S.Ct. 935, 9 L.Ed.2d 968 (1963); Travelers Insurance Co. v. Ohio Farmers Indemnity Co., 262 F.2d 132 (6th Cir. 1958) (Kentucky law); Transport Insurance Co. v. Standard Oil of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960); Pennsylvania Mfg. Ass'n Insurance Co. v. Aetna Casualty and Surety Insurance Co., 426 Pa. 453, 233 A.2d 548 (1967).

On the other hand, Chrysler maintains that the employee exclusionary clause, when read in conjunction with the severability of interest clause, bars coverage only when the insured seeking coverage under the policy is being sued for personal injuries by his own employee who is entitled to workmen's compensation, and not when an additional insured is being sued by an employee of the named insured. Such a construction of these clauses has similarly been upheld by the courts in several jurisdictions. North River Insurance Company v. Connecticut Fire Insurance Company, 233 F.Supp. 31 (W.D.Va.1964), aff'd 341 F.2d 913 (4th Cir. 1965); Pepsi Cola Bottling Co. of Charleston v. Indemnity Insurance Co.

of North America, 318 F.2d 714 (4th Cir. 1963); General Aviation Supply Co. v. Insurance Co. of North America, 181 F.Supp. 380 (E.D.Mo.), aff'd, 283 F.2d 590 (8th Cir. 1960).

The split in states over the proper interpretation to be given to the word "insured" in employee exclusionary clauses indicates that our holding in the present summary judgment proceeding will be determined by which state's law is used to construe these clauses. Chrysler and INA, however, disagree on which state's law is applicable.

It is defendant's position that Pennsylvania law is the one which must be used to construe the present insurance agreement because:

"Both parties were citizens of the state [Pennsylvania], the policy was delivered to the insured in the state of Pennsylvania, presumably the premium was paid there, the policy was accepted in that state by the insured, and more acts were done or interpreted between the parties relative to this policy in the state of Pennsylvania than anywhere else." [Defendant's brief of June 11, 1968, page 2]

Unfortunately, there is no evidence before the court establishing that all the acts defendant enumerates did, in fact, occur in Pennsylvania. Thus, if we must, as defendant suggests, construe the exclusionary clauses according to the law of that state which has the most significant connections with the insurance policy, then both plaintiff's and defendant's motions for summary judgment must be denied until proof is offered to the court on those connections.

On the other hand, Chrysler contends that the law of Virginia must be used in interpreting the exclusionary clauses contained in the Jones-INA insurance agreement. It reaches this conclusion on the ground that the agreement was executed by INA in the State of Virginia and, therefore, Virginia law has the most significant connections with the contract.

■ Whether Pennsylvania or Virginia law, or indeed some other state's law, will be used by this court in construing the present insurance agreement must be determined according to the law of Michigan. For this court, in exercising diversity jurisdiction, must look to the law of the state in which it sits, including that state's conflicts of laws rules, in deciding cases.

■ The relevant conflicts of laws rule in Michigan, as established by the state's Supreme Court, provides that the construction of a contract must be governed by the law of the state in which the contract was made. Rubin v. Gallagher, 294 Mich. 124, 292 N.W. 584 (1940). Moreover, for the purposes of this conflicts rule, "a contract is deemed to have been made in the State where the last act necessary to make it a binding agreement took place". State of Ohio ex rel. Squire v. Eubank, 295 Mich. 230, at 233–234, 294 N.W. 166, 167 (1940). This conflicts rule, however, is subject to the exception that where the applicable foreign law has not been declared by the court of last resort in the foreign state with "absolute certainty", then Michigan law must control an action instituted in a Michigan forum. Bostrom v. Jennings, 326 Mich. 146, 154, 40 N.W.2d 97 (1949); Schultz v. Tecumseh Products, 310 F.2d 426 (6th Cir. 1962).

Hence, under Michigan conflicts law, this court must construe the contested provisions of the insurance agreement according to the law of the state in which the last act necessary to the execution of that contract took place, provided that state has adopted a rule of law on point. Unfortunately, we have been unable to find any Michigan authority suggesting what the last act necessary to the making of a binding insurance contract is, and the states are split on this issue.

Some courts have held that the last act necessary to the creation of a binding insurance contract is the delivery of the policy to the insured. Other courts have

found that last act consists of the acceptance of an application for insurance by the insurer. Still other courts have ruled that the last act necessary to the execution of a binding insurance contract, for purposes of a conflicts of laws rule, is the payment of the first premium on the policy.

"A contract of insurance is deemed to have been made in the state where the last act was done which was necessary to create the contract. Common views are that the contract was made or completed at the place where the [insurance] application was accepted by the insurer, or where the policy was delivered, or delivered and accepted, or where it was delivered and the first premium paid, or the premiums generally, were paid." 44 C.J.S. Insurance § 52b at 509.

There is, however, a consensus of opinion among courts of different jurisdictions that

" * * * where the policy provides that *it shall not be valid until it is countersigned by an officer or agent* of the company, the place of countersigning is held to be the place of making of the contract." 29 Am.Jur. Insurance, § 22 at 446. (Emphasis added.)

Since this position is almost universally accepted, we conclude the Michigan Supreme Court would also adopt it. Hence, if the insurance contract between INA and Jones Motor Company required a countersignature before it could be binding on the parties, the state of countersigning will be deemed the place of making of the contract and the law of that state will be looked to in construing the agreement.

In the present case, the insurance contract between INA and Jones Motor Company consisted of a policy jacket and four endorsements—all effective on the same date. The policy jacket, as opposed to the four endorsements attached to the policy, did not state that it required a countersignature before its terms would be binding on the parties,

although there was a countersignature on the policy jacket. On the other hand, the four endorsements, which modified the terms contained in the policy jacket, all expressly provided that a countersignature on each of them was necessary for their validity, and those countersignatures were placed on each endorsement in Virginia. Since counsel for both plaintiff and defendant have stipulated that the four endorsements and the policy jacket were "a package deal", with the endorsements tailoring a standard form motor vehicle insurance policy to the needs of Jones Motor Company, we now find that the mere acceptance by defendant of the terms contained in the policy jacket would not have resulted in a binding insurance contract unless, or until, defendant had similarly accepted each of the four endorsements, which acceptances could be effectuated only by making the required countersignatures. The court, therefore, holds that a countersignature on each of the four endorsements was necessary to the validity of a binding insurance agreement between INA and the Jones Motor Company. Since those countersignatures were made in Virginia, Virginia law should be used, under Michigan's conflicts of laws rule, in construing the insurance agreement.

Unfortunately, no Virginia court has ever decided whether, under Virginia law, the word "insured", when used in an employee exclusionary clause, should be construed to mean any insured covered by the policy, or, instead, be limited in meaning to the insured seeking coverage under the policy. Indeed, the only time a Virginia appellate court has confronted this precise issue, it resolved the issue under Florida law, and did not comment on whether an expansive or restrictive definition of the word "insured" was preferable.

Nevertheless, the Federal District Court for the Western District of Virginia, after recognizing Virginia law was unsettled on this point, found that the Virginia Supreme Court would give

the word "insured" a restricted meaning when used in an employee exclusionary clause which is combined with a severability of interest clause. Thus, the court held that, under Virginia law, an additional insured has coverage when an employee of the named insured sues the additional insured for personal injuries, despite the existence of an employee exclusionary clause of the type involved in the present case.

The Federal District Court for the Western District of Virginia reached its decision on the proper construction to be given the word "insured" under Virginia law by examining that state's general principles of law governing the construction of insurance contracts. One such principle is that, in the case of ambiguity, the Virginia courts will adopt the construction of the disputed clause which is most favorable to the insured. By applying this principle to the employee exclusionary clause, which the federal district court found to be ambiguous when read in conjunction with the severability of interest clause, it concluded Virginia law would limit the meaning of the word "insured", thereby increasing the scope of policy coverage.

We, however, disagree with the court's conclusion that the word "insured", as used in the employee exclusionary clause, is ambiguous. Rather, we fully agree with our own Sixth Circuit Court of Appeals' assessment of that word when used in an identical exclusionary clause:

"There is no ambiguity in the exclusion clause of defendant's policy and no inconsistency is shown between this and other clauses of the instrument. It does not require construction. All that is required is enforcement according to the terms clearly expressed in the instrument. * * * The true construction of defendant's policy is that no employee of the named insured engaged in the named insured's business can recover against anyone included as an additional insured." Travelers Insurance Co. v.

Ohio Farmers Indemnity Co., *supra*, 262 F.2d at 133.

We similarly do not believe, as the Federal District Court for the Western District of Virginia apparently did, that the severability of interests clause creates any ambiguity in the meaning of the word "insured" when used in the employee exclusionary clause, or that the severability of interests clause indicates the word "insured" must be limited in meaning to the insured seeking coverage. Instead, we agree with the Supreme Court of Texas when it said, in speaking to this precise point:

"The addition of the 'severability of interests' clause did not indicate that the drafters of the policy form by the addition of such clause intended that the word 'insured' means only the person claiming coverage. We cannot adopt Standard's theory that by severing the interests in the case at bar, Standard is an insured under the 'omnibus clause' contained in the policy; the basis for Standard's contention being that the 'severability of interests' clause warrants the addition after the word 'insured' the words 'the insured who is asking for a defense' or 'the insured against whom the claim is made.'

\*   \*   \*   \*   \*   \*

Exclusion (g) of the policy issued by Transport to the Transport Company * * * clearly says that the policy does not cover 'bodily injury to * * * any employee of the insured.' Exclusion (f) of the policy in equally as plain language, says that the policy does not apply under bodily injury liability to 'any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation * * * law.'

In the policy involved here there is no ambiguity in the exclusion clauses and no inconsistency is shown between the exclusionary clauses and the 'severability of interests' clause in the policy. The clear and unambiguous terms of

the policy leads us to hold that no employee of the named insured engaged in the named insured's business can recover on the named insured's policy against anyone included as an additional insured." Transport Insurance Co. v. Standard Oil of Texas, *supra*, 337 S.W.2d at 289–290.

■ Since we can find no ambiguity in the word "insured" as used in the employee exclusionary clause, this court concludes that the Virginia Supreme Court would, under generally accepted principles of construction, assign to this word its plain meaning and find that the word "insured" refers to any insured, named or additional, covered by the INA-Jones insurance contract. Hence, under Virginia law, Chrysler Corporation, as an additional insured, is barred from coverage for personal injury claims asserted against it by an employee of the Jones Motor Company, the named insured.

It is possible, however, that since a Virginia appellate court has never passed on the precise issue involved in the present case, then Michigan conflicts of laws rule, which we are bound to follow, would require Michigan law, not Virginia law, be used in construing the insurance agreement. But Michigan cases are also silent on the proper construction to be given the word "insured" when used in an employee exclusionary clause of the type before the court. Nevertheless, since the meaning of that word has been found to be ambiguous, we believe the Michigan high court would, under general principles of construction, simply assign to this word its plain meaning and reach the same result as the Virginia high court. Thus, regardless of whether Michigan or Virginia substantive law is used to construe the present insurance agreement, Chrysler would not be entitled to the coverage it is seeking in the present suit. We, therefore, grant defendant INA's cross-motion for summary judgment and deny Chrysler's motion for summary judgment.

An appropriate order may be submitted.