### 8780

### SANDERS v. CHARLESTON & W. C. RY.

#### (81 S. E. 283.)

MASTER AND SERVANT. FEDERAL EMPLOYERS' LIABILITY LAW. APPLICABILITY.

A railway employee, who is within the Federal Employers' Liability Act (April 22, 1908, c. 149, 35 Stats., 65 U. S. Comp. St. Supp., 1911, p. 1322), while actually engaged in relaying rails on a line of railway is also within the act while asleep at night in a shanty car of a train on a sidetrack, placed there for the accommodation of such employees, and he may recover for injuries sustained in consequence of the shanty car being struck by another train.

Before BOWMAN, J., March, 1913.   Affirmed.

Action by W. L. Sanders, a foreman of a rail gang, employed by Charleston & Western Carolina Railway Company in repairing its track and roadbed. While asleep in one of a train of shanty cars intended for use of such gang and left standing on a side track, plaintiff was injured by the negligent movement of the shanty cars by a passing train of defendant From a judgment for plaintiff, defendant appeals.

*Messrs Sheppard Bros.* and *F. R. Grier,* for appellant.

---

FOOTNOTE—As to the effect upon master's liability for breach of statutory duty of fact that employee was resting at the time of injury, see note in 22 L. R. A. (N. S.) 309. And on the general question of injury to servant on master's premises before, after, or between hours of work, see notes in 12 L. R. A. (N. S.) 853, and 23 L. R. A. (N. S.) 954.

*Mr. Grier* cites : *Was plaintiff at the time engaged in inter-.* *state commerce?*..52 L. Ed. (U. S.) 297; 56 L. Ed. (U. S.) 327; 229 U. S. 146; 33 Sup. Ct. Rep. 648; 57 L. Ed. 1125; 63 S. C. 370.

*Messrs. N. G. Evans, J. W. Thurmond* and *B. E. Nicholson,* for respondent, cite: 56 L. Ed. (U. S.) 347; 91 U. S. 275; 190 U. S. 197; 179 Fed. 893; 2 L. R. A. 839; 18 S. W. 219; 33 N. E. 345; 41 N. E. 105; 55 L. Ed. (U. S.) 590; 31 Mont. 272; 108 Pac. 1062; 57 L. Ed. 648; 196 Fed. 336.

April 2, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Plaintiff sued defendant for damages to the person, and had a verdict for $750.00   The defendant appeals.

The defendant's line of road runs, in part, from the city of Augusta, Ga., to Port Royal, S. C.   The plaintiff was injured in the night time on the line of that road in Barnwell county, S. C., while asleep in the bunk of his shanty car, on a train which stood on a sidetrack, and by an incoming special freight train running east.

The plaintiff sued under that act of Congress called Employers' Liability Act.   He charged that defendant was, at the time of the injury, engaged in interstate commerce, and that the plaintiff was with an iron gang relaying rails on the line of railway, and had been so engaged for some weeks.

Appellant's counsel begins his argument with this statement: "We shall not undertake to consider our exceptions separately.   These exceptions present to the Court but a single proposition."   And, further: "It may be conceded, if the plaintiff in this case had been actually engaged at work in relaying the rails at the time of his injury, that he would fall within the protection of the act of Congress."

Thus the issue made here is narrow and clear cut.   The admission of counsel was frankly expressed to be the result

of the opinion in *Pedersen* v. *Del. & L. W. Ry. Co.*, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. ed. 1125, a late case before the United States Supreme Court.

The appellant cites no case to sustain his contention, to wit, that because the plaintiff was not actually engaged in laying rails at the time of the injury, he does not come within the purview of the act of Congress. The case he does cite (*Davis* v. *Railroad*, 63 S. C. 370, 41 S. E. 468) is not conclusive of the issue made here, nor a parallel case to this.

When the plaintiff was in the bunk of his shanty car, in the "sleep that knits up the ravell'd sleeve of care," and getting strength to lay rails next day, the law imputed to him actual service on the track, and extended to him the rights of such a worker; "for the letter (of the law) killeth, but the spirit giveth life."

The judgment below is right, and is affirmed.