**LUMBER MUTUAL CASUALTY INS. CO.
OF NEW YORK v. STUKES et al.**

No. 5645.

Circuit Court of Appeals, Fourth Circuit.

Nov. 18, 1947.

Edward A. Harter, Jr., and N. A. Turner, both of Columbia, S. C., for appellant.

Shepard K. Nash, of Sumter, S. C. (C. M. Edmunds, of Sumter, S. C., and James

Hugh McFaddin, of Manning, S. C., on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in an action to obtain a declaratory judgment under a public liability insurance policy. The plaintiff in the court below was the Lumber Mutual Casualty Insurance Company, a New York corporation, and the defendants were one G. N. Marshall, a citizen of South Carolina, doing business under the name of the Carolina Roofing Company, and Melvin Blease Stukes, also a citizen of South Carolina, who, as administrator of the estate of Eugene David Stukes, had instituted an action for damages against Marshall and others in a South Carolina state court. In the state court action it was alleged that the death of Eugene David Stukes had been caused by negligence in the operation of a motor truck of Marshall in which he was riding and which was being operated at the time by one Timmons. The motor truck was covered by a policy of public liability insurance issued by the insurance company to Marshall. Verdict was directed for the defendants; and from judgment entered thereon denying relief to plaintiff, it has appealed to this court.

The insurance company contends that liability under the policy is excluded because Stukes was an employee of Marshall engaged in the employment at the time of his death, or, if not an employee of Marshall, was an employee of Timmons, who, if he was an independent contractor and was operating the motor truck with Marshall's consent, was an additional insured within the meaning of the policy. The administrator contends that Stukes was not an employee of Marshall but of Timmons, that Timmons was an independent contractor, that the exclusion clause of the policy does not apply in that situation, and that, at all events, at the time of his death Stukes' position was not that of an employee of insured engaged in the employment but of a fare paying passenger. The judge held with the administrator on all of these questions in directing the verdict in his behalf.

The truck in which Stukes was riding at the time of his death was unquestionably owned by Marshall and was being driven by Timmons. It was covered by a policy containing the usual omnibus coverage clause defining the word insured as used in the policy to include "any person while using the automobile * * * provided the actual use of the automobile is with the permission of the named insured". The policy contained an exclusion clause to the effect that its coverage did not apply to "bodily injury to or death of any employee of the insured while engaged in the employment". The omnibus coverage clause, defining the insured as above stated, provided that the insurance with respect to any person or organization other than the named insured should not apply "to any employee with respect to injury to or death of another employee of the same employer".

Marshall was in the roofing business, which consisted in securing contracts to put roofing and siding on buildings in the vicinity of Sumter, S. C. and then having these put on in accordance with the contracts. Timmons was engaged in putting on the roofing and siding under the contracts secured by Marshall with the help of laborers, whom he carried to and from their work in Marshall's truck. Stukes and other laborers had been working under Timmons on the day of the accident at a place near Hartsville until around five o'clock in the afternoon, when they quit work and were returning to their homes with Timmons, who was driving the truck. The fatal collision occurred while they were returning.

The evidence as to whether Timmons was an independent contractor or a mere foreman of Marshall in charge of the work is such that conflicting inferences can reasonably be drawn from it. It shows that Marshall secured the contracts, furnished the materials, paid the laborers, paid the social security and unemployment insurance on the wages of the laborers and furnished the truck in which the materials were transported to the jobs and in which the laborers were carried to and from work. Timmons, on the other hand, was paid by the job at the rate of $4.50 per square, and the wages paid the workmen under him came out of

this amount; but Marshall kept the records of wages of the workmen, just as though they were working for him. He kept a similar record of amounts paid Timmons and paid social security and unemployment insurance on them in the same way as on the wages paid the others. Both Timmons and Marshall testified that Timmons had control of the details of the work with the right to hire and fire; but there is no evidence of his hiring or firing anyone and there is evidence that at least some, if not all, of those working under him had been working for Marshall before he became connected with the business.

On the contention that Stukes was not engaged in his employment at the time of his death, but occupied the position of a fare paying passenger, there is evidence that 3% was deducted from wages for transportation. Marshall admitted, however, and the other evidence shows, that this was in reality deducted to pay unemployment insurance, which the South Carolina statutes forbid an employer to deduct from an employee's wages. Code §§ 7035-87(a) and 7035-95.

■■ Upon the facts as stated, we think that the learned District Judge was in error in directing a verdict for defendants. In the first place, we think it was a question for the jury whether Stukes was not an employee of Marshall and within the exclusion clause of the policy for that reason. An employer cannot escape the consequences of the employer-employee relationship by calling his foremen independent contractors, by giving them the right to hire and fire those working under them or by paying them on a piecework basis. As we said in United States v. Vogue Inc., 4 Cir., 145 F.2d 609, we must not lose sight of the substance of the relationship in attempting to apply rule of thumb distinctions; and notwithstanding Timmons was paid on the piecework basis, had the right to hire and fire and received only the difference between wages of those working under him and so much per square on the work done, the jury might very well have concluded from the way in which the laborers were paid and the records kept that it was Marshall's and not Timmons' work that

was being done and that Timmons was nothing more than a foreman. See Gulf Refining Co. v. Brown, 4 Cir., 93 F.2d 870, 873, 116 A.L.R. 449; Tate v. Claussen-Lawrence Const. Co., 168 S.C. 481, 167 S.E. 826.

■ Even if Timmons was an independent contractor and Stukes was his employee and not Marshall's employee, however, the policy would not cover any liability which Timmons might incur through his negligent driving of the truck. It is true that Timmons was driving the truck with Marshall's permission and was therefore an additional "insured" within the definition contained in the omnibus coverage clause. The exclusion clause, however, applies to the additional as well as the named insured because it excludes coverage in any case of "bodily injury to or death of an employee of the insured." Hence any injury negligently inflicted by Timmons upon his own employees would be outside the coverage. Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309. It will be noticed that the language is "the insured" and not "the named insured", the latter being the language used in the policy where the intention is to designate only the person to whom the policy is issued; and the omnibus coverage clause, as above pointed out, defines the word "insured" as used in the policy so as to include any person using the automobile with the permission of the named insured. The purpose of the exclusion clause is to limit coverage to liability for injury to members of the general public and to exclude liability to employees of the insured. See State Farm Mutual Ins. Co. v. Brooks, 8 Cir., 136 F.2d 807; Clinton Cotton Oil Co. v. Hartford Accident & Indemnity Co., 180 S.C. 459, 186 S.E. 399.

[5] There can be no question that the purpose was to apply the exclusion to employees of an additional insured as well as to those of the named assured, when consideration is given to the clause providing that the omnibus coverage clause shall not apply where the person injured is an employee of the same employer as an employee driving the car. It is true that if Timmons was an independent contractor he would not be an employee operating the car, and

this clause would have no application to him; but its use in the policy shows clear intention that coverage shall extend only to liability to the public and that there shall be no coverage in the case of employees of an insured. Because the omnibus coverage clause makes an additional insured of an employee operating the car, it was necessary to insert the clause in question to prevent employees of the same employer being considered as to him members of the public. See Kaifer v. Georgia Casualty Co., supra.

■■ And we do not think that the exclusion clause can be held inapplicable on the ground that Stukes was not "engaged in the employment" of either Marshall or Timmons at the time of the accident, but was riding in the truck as a "fare paying passenger." The evidence shows beyond question that he was transported to and from work as an incident of his employment, whether 3% was deducted from his wages on this account or because of the requirement that unemployment insurance be paid. Such transportation was a part of his contract of employment; and there can be no question that under the law of South Carolina he enjoyed the status of an employee engaged in the employment at the time of the accident which resulted in his death. Sanders v. Charleston & W. C. R. Co., 97 S.C. 50, 81 S.E. 283; Covington v. A. C. L. R. Co., 158 S.C. 194, 155 S.E. 438; Ward v. Ocean Forest Club, 188 S.C. 233, 198 S.E. 385, 387, 388; Bailey v. Santee River Hardwood Co., 205 S.C. 433, 32 S.E.2d 365. As said by Chief Justice Baker of the Supreme Court of South Carolina in the Ward case, just cited [188 S.C. 233, 198 S.E. 387]: "Appellant has cited numerous cases from other jurisdictions holding that in going to and returning from the place of employment, if it is a part of the contract that the employee be furnished by the employer transportation or the 'means of transportation to and from work, the employment continues during the transportation, but we need go no farther than the decisions of this court. The case of Covington v. A. C. L. R. R. Co., 158 S.C. 194, 155 S.E. 438, cites with approval the case of Sanders v. Railway Company, 97 S.C. 50, 81 S.E. 283, and holds that an employee returning from his work by means

of transportation furnished him for that purpose by the employer is still engaged in the discharge of the duties of his employment. While these cases were brought under the Federal Employers' Liability Act 45 U.S.C.A. § 51 et seq., the principle is the same, and is here applicable."

See also Johnson v. Aetna Casualty & Surety Co., 5 Cir., 104 F.2d 22; and State Farm Mutual Automobile Ins. Co. v. Brooks, 8 Cir., 136 F.2d 807, where persons being carried home from work in a motor vehicle of the employer were held employees and engaged in the business for which employed within the meaning of just such an exclusion clause as is here involved. To the contrary is B. & H. Passmore M. & R. Co. v. New Amsterdam Casualty Co., 10 Cir., 147 F.2d 536. We are not impressed by the argument that, because of what is said to be the attitude of South Carolina courts towards insurance policies, a person in South Carolina is to be held an employee "engaged in the discharge of the duties of his employment" for purposes of the Workmen's Compensation Act, Code 1942, § 7035-1 et seq., but not such an employee where an insurance policy is involved. There is no decision of the South Carolina courts to that effect; and in matters of this sort there is every reason why confusion in the law should be avoided. It should not be overlooked, furthermore, that these public liability policies are drawn with the express purpose of excluding injuries covered by workmen's compensation laws. One of the provisions of the policy in question excludes any obligation "for which the insured * * * may be held liable under any workmen's compensation law."

We do not mean to hold by what has been said above that the policy would not cover Marshall for negligent injuries to employees of Timmons, or that it would not cover Timmons for negligent injury to the employees of Marshall, if Timmons was an independent contractor. No evidence bearing on either of these contingencies has been called to our attention and this phase of the situation was not discussed in the briefs of the parties. Since the case must be remanded for a new trial it is sufficient to say that if there is no evidence bearing on either of the contingencies mentioned,

the Insurance Company would have no liability under the policy but would be entitled to a directed verdict.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.