### PENNSYLVANIA THRESHERMEN & FARMERS' MUT. CAS. INS. CO. v. HARRILL et al.

### Civ. A. No. 1098.

United States District Court
W. D. North Carolina, Shelby Division.

Aug. 8, 1952.

Smathers & Carpenter, Charlotte, N. C., for plaintiff.

Fred D. Hamrick, Jr., Rutherfordton, N. C., for defendants.

WEBB, District Judge.

This cause coming on to be heard and being heard before me at Asheville, on Wednesday, July 16, 1952; and it appearing to the Court that all parties have waived a jury trial and have agreed that the Court may hear and determine this cause upon the admission contained in the pleadings which were introduced in evidence, upon the stipulation of facts agreed to and entered in the record in this cause at the hearing, and upon the evidence introduced at said hearing.

From all of the evidence introduced and admissions made at the hearing of this cause on Wednesday, July 16, 1952, the Court finds the following facts:

1. That on March 7, 1949, plaintiff issued to the defendant, James Roy Harrill, its automobile liability insurance policy No. 308286, insuring the defendant, James Roy Harrill, according to the terms and condi-

tions of said policy of insurance, against legal liability for bodily injury caused by accident resulting from the operation of a 1947 Chevrolet 1-Ton Truck, Motor No. ADCA–643291, with a limit of liability of $5,000 for injury to one person and $10,000 for each accident.

2. That said policy covered the period from March 7, 1949, to March 7, 1950, and was in full force and effect during the entire year from March 7, 1949, to March 7, 1950.

3. That James Roy Harrill paid to the plaintiff the total premium due on said policy in the amount of $46.

4. That said policy was purchased by the said James Roy Harrill and issued by the plaintiff and delivered to the said James Roy Harrill at Forest City, North Carolina.

5. That at the time said policy was issued and at all times referred to in this cause, said James Roy Harrill was engaged in the wholesale candy business and had only one employee, to-wit: Harry Lee Brown, who was employed as a helper on said truck.

6. That on May 11, 1949, and while said policy of insurance was in force and effect, a Chevrolet truck owned by the defendant, James Roy Harrill, being the same truck insured by the plaintiff under its policy of insurance heretofore referred to, while being driven by the said James Roy Harrill, collided with a railroad train operated by The Clinchfield Railroad Company in or near the City of Marion, McDowell County, North Carolina, and as result of said collision, Harry Lee Brown, intestate, was killed.

7. That thereafter Guy Brown qualified as Administrator of the estate of Harry Lee Brown and instituted an action in the Superior Court of Rutherford County, North Carolina, against James Roy Harrill, The Clinchfield Railroad Company and Herman Harrill for the purpose of recovering damages for the alleged wrongful death of Harry Lee Brown.

8. That said action is still pending in the Superior Court of Rutherford County, North Carolina.

9. That James Roy Harrill filed an answer in said cause denying all liability and demanded that the plaintiff defend said action on his behalf and pay any recovery obtained against him by Guy Brown, Administrator of the estate of Harry Lee Brown, deceased, in said action, within the limits contained in the policy of liability insurance hereinabove referred to.

10. That thereupon the plaintiff instituted this action in the District Court of the United States for the Western District of North Carolina for the purpose of obtaining a declaratory judgment.

11. That in this cause the plaintiff alleges that by reason of Exclusion (d) contained in said policy it is not obligated to defend the action instituted by Guy Brown as Administrator of the estate of Harry Lee Brown, deceased, against James Roy Harrill, and others, and is not obligated to pay any recovery obtained by the said Guy Brown, Administrator of the estate of Harry Lee Brown, deceased, against the said James Roy Harrill, and prays the Court that a declaratory judgment be entered relieving plaintiff of all obligations to defend said action or pay any recovery obtained in said action by Guy Brown as Administrator of the estate of Harry Lee Brown, deceased, against James Roy Harrill. The exclusionary clause is as follows, and the construction of this clause is the crux of this suit:

"This Policy Does Not Apply:

"(d) Under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."

12. That the defendant, James Roy Harrill, filed a counterclaim in this cause alleging that the plaintiff, under the terms of said insurance policy, was obligated to defend the action brought against him by Guy Brown, Administrator of the estate of Harry Lee Brown, deceased, and further, that the plaintiff was obligated to pay any recovery obtained against him in said action within the limits of said insurance policy.

13. That at all times involved in this controversy James Roy Harrill had only one employee, to-wit: Harry Lee Brown; that at no time involved in this controversy did the said James Roy Harrill come within the provisions of the North Carolina Workmen's Compensation law, G.S. § 97–1 et seq.; that at no time since March 7, 1949, or prior thereto, were any benefits payable to the said Harry Lee Brown under the provisions of the North Carolina Workmen's Compensation law or any other Workmen's Compensation law; that at no time since March 7, 1949, or prior thereto did the North Carolina Workmen's Compensation law or any other Workmen's Compensation law require any benefits to be provided for the said Harry Lee Brown as an employee of the said James Roy Harrill.

14. That at the time of his death the said Harry Lee Brown was employed by James Roy Harrill as a helper on said candy truck and was engaged in the performance of his duties as such employee.

Conclusion of Law: I find that under the terms and provisions of the policy of insurance issued by the plaintiff to the said defendant, James Roy Harrill, it is not the duty of the plaintiff to defend the action brought by Guy Brown, Administrator of the estate of Harry Lee Brown, against the said James Roy Harrill for the purpose of recovering damages for the wrongful death of the said Harry Lee Brown, which action is now pending in the Superior Court of Rutherford County, North Carolina, and it is not the duty of the plaintiff to pay any recovery obtained in said action by Guy Brown, Administrator of the estate of Harry Lee Brown, deceased, against James Roy Harrill, within the limits of said policy.

I cannot see that the language in the exclusionary clause following the word "employment" changes the nonliability of the insurance company for the death and injury of insured employee, to that of liability for the insured employee. I think it clearly was the purpose of this exclusionary clause to exempt employees of the insured.

The Fourth Circuit Court of Appeals in the case of Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 164 F.2d 571, Judge Parker speaking for the court held that "where public liability policy contained omnibus coverage clause and also an exclusion clause to effect that its coverage did not apply to injury to or death of employee of insured, purpose of the exclusion clause was to limit coverage to liability for injuries to members of the general public and to exclude liability to employees of insured".

I do not think that reference to workmen's compensation alters or changes the purpose of the exclusionary clause to exempt the company's liability for injury to the employee. State Farm Mutual Automobile Insurance Company v. Braxton, 4 Cir., 167 F.2d 283.