Philip DAVIS, Appellant,

v.

TRAVELERS INSURANCE COMPANY
et al., Appellees.

No. 18621.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1961.

Claude F. Kammer, New Orleans, La., for appellant.

John V. Baus, New Orleans, La., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., of counsel, for appellees.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This appeal presents the question whether the standard omnibus clause of an automobile liability insurance policy excludes from coverage liability for an employee's negligence causing injury to a co-employee during the course of their employment. We hold that it does exclude coverage for such liability.

Philip Davis, the plaintiff-appellant, worked for Southdown Sugars, Inc., during the ten-weeks sugar grinding season in Louisiana. He was employed in Southdown's sugar mill on Greenwood Plantation, near Thibodeaux, Louisiana. He lives near Gibson, Louisiana, about twenty miles from Greenwood. Davis, along with many of the seasonal workers who lived some distance from the factory, was transported to and from work in a company-owned truck, driven by a co-employee. At the time of the accident generating this litigation, Davis and some of the other employees were riding from their homes to Greenwood in a company truck driven by Herman Bogan, a Southdown employee. Bogan was on pay status when the accident occurred; Davis and the other employees were not. The complaint alleges that Bogan drove at such a dangerous rate of speed that he lost control of the truck, and it overturned, painfully and permanently injuring the plaintiff. As a result of the accident, the insurer paid Davis workmen's compensation benefits and medical expenses.

Davis brought a direct action against Southdown's insurers on the theory that Bogan was an omnibus insured (an additional insured) under the standard Lou-

isiana form of omnibus clause. This clause reads:

> "Definition of Insured. The unqualified word 'insured' includes the named insured and also includes * * * any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * *. The insurance with respect to any person or organization other than the named insured does not apply * * * (c) to any employee with respect to injury or to sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer. * * *"

Upon motion of the defendants, the lower court granted summary judgment dismissing the suit. The court found that the "cross-employee" exclusion applied, and that Davis's sole remedy was for benefits under the Louisiana Workmen's Compensation Law, LSA–R.S. 23:1021 et seq., already satisfied in full.

■■ The insurance policy unambiguously states that the omnibus clause does not extend insurance "to any employee with respect to injury * * * of another employee of the same employer injured in the course of such employment." Under the law of Louisiana, when an employee is injured while traveling to work in a truck or car furnished by the employer such injury is considered to have occurred in the course of his employment. Estaves v. Faucheux, La.App. 1959, 111 So.2d 802; Griffin v. Catherine Sugar Co., 1951, 219 La. 846, 54 So.2d 121; Neyland v. Maryland Casualty Co., La.App.1946, 28 So.2d 351. Even though an injured employee is not on a pay status at the time of the accident, he is within the scope of his employment if he is being transported to work by his employer. Griffin v. Catherine Sugar Co., Inc.,

supra. Davis was a co-employee with Bogan, therefore, and under the express language of the omnibus clause Bogan is not an additional insured.

To escape the effect of the clause, the plaintiff relies on Pullen v. Employers' Liability Assurance Corp., 1956, 230 La. 867, 89 So.2d 373. In that case, however, the plaintiff was not injured by a fellow employee and the contractual provision here involved was not raised as a defense. Instead, the defendant relied, unsuccessfully, on a provision excluding liability for the injury "of any employee *of the insured* while engaged in the employment of the insured." (emphasis added). The court held that since the person who had caused the accident, who stood therefore in the position of an insured under the policy as it applied to that case, was not the employer of the injured party, the provision did not apply. The exclusionary provision applicable to the instant case, however, does not require the injury to have been suffered by an "employee of the insured." Louisiana courts have recognized this distinction and have rejected the interpretation the appellant urges under circumstances equivalent to the facts in the instant case. Arcenaux v. London Guarantee & Accident Co., Ltd., La.App.1956, 87 So.2d 343; Jackson v. American Automobile Insurance Co., La.App.1958, 103 So.2d 304.

The defendant also points to an exclusionary clause rendering the policy inapplicable "to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law." The plaintiff contests the relevance of this clause to his case on the ground that he is an agricultural worker not covered by the Louisiana workmen's compensation statute. We do not reach the merits of this dispute, because of our holding that the omnibus clause, on which the plaintiff relies, excludes from coverage liability for negligence of a co-employee occurring during the course of employment.

The judgment is

Affirmed.