The **TRAVELERS CORPORATION, a body corporate of the State of Connecticut**

v.

**Robert E. BOYER, Claude M. Hutzell, Unsatisfied Claim and Judgment Fund Board Commissioner of Motor Vehicles (Unsatisfied Claim and Judgment Fund).**

Civ. No. 18347.

United States District Court
D. Maryland.
June 30, 1969.

Joseph H. Young and Paul V. Niemeyer, Baltimore, Md., for plaintiff.

Leroy W. Preston, John Wheeler Glenn, and O'Connor & Preston, Baltimore, Md., for defendant Robert E. Boyer.

Evan Crossley, Hagerstown, Md., for defendant Claude M. Hutzell.

Francis B. Burch, Atty. Gen., and Alfred J. O'Ferrall, III, and William E. Brannan, Asst. Attys. Gen., for defendant Unsatisfied Claim and Judgment Fund.

FRANK A. KAUFMAN, District Judge:

The Travelers Corporation (Travelers),[1] a Connecticut corporation, with its principal place of business in that State, seeks summary judgment in this Court under Federal Civil Rule 56 in a declaratory judgment proceeding pursuant to 28 U.S.C.A. § 2201. The defendants are Robert E. Boyer and Claude M. Hutzell, both citizens of Maryland, and the Maryland Unsatisfied Claim and Judgment Fund Board (the Fund). Diversity of jurisdiction exists.[2] On September 10, 1965, Boyer was injured in an automobile accident while riding as a passenger in a motor vehicle owned by General Paving Corporation, driven by Hutzell, and covered by a comprehensive automobile liability policy issued to General Paving by Travelers. Travelers contends that Hutzell is not covered as an insured, and that in addition Boyer is precluded from recovery, because both of them were acting in the course of their employment by General Paving and using the automobile in the business of General Paving, when the accident occurred.

The Travelers policy involved in this case defines the word "insured," in part, as follows:

> *Definition of Insured.* The unqualified word "insured" includes the named insured and also includes * * * (2) * * * any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *. The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement:
>
> * * * * * * *
>
> (c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer insured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer; * * *.

1. The parties have agreed that the pleadings are to be deemed amended so that The Travelers Corporation, the plaintiff herein, includes The Travelers Insurance Company and The Travelers Indemnity Company, both Connecticut corporations with their respective principal places of business in Connecticut, and both wholly owned subsidiaries of The Travelers Corporation.

2. The amount in controversy is in excess of $10,000 in view of Hutzell's $70,000 judgment (p. 6 *infra*) and the requirements of Sections 150(h), 151 and 122(c) of Article 66½ of the Ann.Code of Md.

(1967 Rep.Vol.) *See generally* Government Employees Insurance Company v. Lally, 327 F.2d 568, 569 (4th Cir. 1964).

The record in this case includes, by stipulation of the parties, the pleadings, the insurance policy in question, the depositions of Boyer and Hutzell taken in these proceedings, the Order of the Maryland Workmen's Compensation Commission, dated January 13, 1966, in connection with Boyer's claim as an employee of General Paving Corporation, and the briefs and record extract submitted to the Court of Appeals of Maryland in Hutzell v. Boyer, 252 Md. 227, 249 A.2d 449 (1969).

The policy also contains, *inter alia,* the following exclusion:

This policy does not apply:

\* \* \* \* \* \*

(g) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any Workmen's Compensation, unemployment compensation or disability benefits law, or under any similar law; \* \* \*.[3]

(h) under coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, other than a domestic employee whose injury arises out of an automobile covered by this policy and for whose injury benefits in whole or in part are not payable or required to be provided under any Workmen's Compensation law; \* \* \*.

Paragraph (c) in the definition provisions excludes Hutzell as an insured if Boyer was injured while they were both engaged in the course of their employment by General Paving in an accident arising out of the use of an automobile in the business of General Paving. Exclusions (g) and (h) preclude Boyer from recovery under the policy if Boyer was injured in the course of his employment by General Paving.

The facts of this case are set forth, as follows, at the outset of the opinion in Hutzell v. Boyer, 252 Md. 227, 249 A.2d 449 (1969). Therein, Judge Finan wrote (*supra* at 229, 249 A.2d at 450):

In 1963 plaintiff-appellee, Robert E. Boyer and defendant-appellant, Claude M. Hutzell, had been working on various paving construction jobs in the Fredericksburg, Virginia area. During that year the superintendent of paving for the General Paving Corporation, Mr. Robert Cole, offered both men jobs with his company. General Paving is a Virginia corporation engaged in the laying of asphalt roads and driveways in the Fairfax, Virginia area. The offer included higher wages and free transportation furnished by the company to and from work each day. Both plaintiff, Boyer and defendant, Hutzell, accepted the jobs offered by Mr. Cole. Boyer went to work as a roller and Hutzell as a foreman. Boyer and Hutzell resided near Boonsboro, Maryland and had known each other for a long time, having worked together for a number of years. General Paving gave Hutzell the use of a company truck which he regularly drove back and forth from his home to various construction sites. Boyer would drive his car to Hutzell's residence and would then ride to work in the company truck with Hutzell. They had followed this procedure for more than two years prior to the accident.

On September 10, 1965, the two men left their homes in Boonsboro at approximately 4:00 A.M. and traveled to Fairfax, Virginia, where General Paving was engaged in laying macadem on a parking lot. The job was completed in the afternoon and Hutzell and Boyer got into the truck and started for home. On the way they stopped near Fairfax and purchased four cans of beer. Hutzell drank one can and poured another out because it was too warm. Boyer drank all of the contents of one can and half of the other. Hutzell had drunk no other alcoholic beverage that day and, according to Boyer, Hutzell's manner of driving was satisfactory. The plaintiff, Boyer, was riding in the cab of the truck on the passenger side and the defendant, Hutzell, was driving. They had covered most of the eighty miles between Fairfax and Boonsboro when, at approximately 5:00 P.M., while approaching the top of Braddock Mountain in Frederick County, Maryland, Boyer noticed that the

---

3. Coverage A is the provision for Bodily Injury Liability in this case.

truck was pulling off the road onto the shoulder and he thought they had a flat tire. He glanced over at Hutzell and saw that he had fallen asleep. Boyer tried to stop the truck. He reached over, grabbed the steering wheel and hit the brakes, but the truck went off the road, through a fence and struck a utility pole. The truck was a total loss and Boyer, who was seriously injured, was taken from the scene by ambulance to a hospital in Frederick, Maryland. * * *

Boyer filed a claim for disability compensation with the Workmen's Compensation Commission of Maryland but, by order dated January 13, 1966, the claim was denied on the ground that the Commission was without jurisdiction. No claim was filed by Boyer with the equivalent agency in Virginia. Instead, Boyer alleging permanent injury, filed a common law tort action against Hutzell and the General Paving Corporation in Washington County, Maryland. On motion by way of a preliminary objection, General Paving was dismissed as a party defendant. * * *

The depositions of Boyer and Hutzell in this proceeding reveal no material factual conflicts between the two men and are in accord with the evidence set forth in the record extract filed with the Court of Appeals of Maryland on Hutzell's appeal and with the facts summarized in Judge Finan's opinion. They disclose that during the first several weeks of their employment by General Paving, Boyer drove Hutzell and himself from home to work and back home in Boyer's own car with General Paving providing free gas and oil. Thereafter, General Paving provided a station wagon and later a truck in which Hutzell usually drove himself and Boyer on the trip from home to job site and return home, but which Boyer occasionally drove with Hutzell as the passenger. Boyer and Hutzell customarily drove straight from home to work, and except for a stop for brief refreshment, proceeded directly home after work.

The record does not disclose that there was any available public transportation between Frederick, Maryland and Northern, Virginia at the hours Boyer and Hutzell commuted to and from work. There is also no evidence that any control was exercised by General Paving over the use of the vehicle after working hours. Hutzell stated that he occasionally used the car for local errands, but that "[t]hey didn't expect me to run all over the State with it." (Hutzell Deposition, 62–63).

Hutzell did not appeal from the dismissal of General Paving by the trial court, which is set forth in a Memorandum filed on May 2, 1966 by Judge McLaughlin, sitting in the Circuit Court for Washington County:

The Motion of General Paving Corporation, one of the Defendants for a Judgment of Dismissal for Lack of Jurisdiction will be granted. So far as the Employer is concerned the Workmen's Compensation Law is exclusive when the employee suffers injuries while in the course of his employment. The Common Law action of Tort no longer exists and an employee cannot sue an employer and the sole remedy is by compensation.

The right of an employee to sue a co-employee in tort has not been abolished by our Maryland Statute. The Maryland Statute does not exclude a suit against co-employees. Some States do not allow the tort action, but this is because of the special provision contained in the State Statutes. Our Maryland Statute provides only for an exclusion as applicable to the employer and makes no mention of the employee. Larson on Workmen's Compensation Law in the 1965 Supplement at Page 169 quotes the recent applicable cases. The Motion filed by Claude Hutzell, the co-defendant, for a Judgment of Dismissal for lack of jurisdiction will be denied. [Appellant's Record Extract filed in the Court of Appeals of Maryland, 4–5].

After trial, the Washington County jury returned a verdict of $70,000

against Hutzell in favor of Boyer. On appeal, that judgment was affirmed, Judge Finan holding that the provision in the Virginia Workmen's Compensation statute, excluding a tort action by one employee against another fellow employee, did not bar Boyer's suit in Maryland against Hutzell, in the absence of such a provision in the Maryland law. Maryland, wrote Judge Finan (*supra* at 233, 249 A.2d at 452) has "a genuine interest in the welfare of a person injured within its borders, who may conceivably become a problem charge due to a disabling injury. The social and economic problems following in the wake of a serious injury as they may affect the dependents of the person injured are properly matters of public concern." In so doing, Judge Finan referred to, but declined to follow, Stacy v. Greenberg, 9 N.J. 390, 88 A.2d 619 (1952), in which the New Jersey Supreme Court, speaking through Judge (now Mr. Justice) Brennan, held that it was not obnoxious to New Jersey policy to preclude an automobile accident tort suit by a plaintiff against a co-employee because of the preclusion of such suit by the New York Workmen's Compensation law, even if in the face of the lack of any such preclusion in the New Jersey Workmen's Compensation law. *See also* Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955), cited and discussed by Judge Finan.

■ On November 22, 1965, Boyer filed a claim with the Workmen's Compensation Commission of Maryland seeking compensation for injuries he sustained on September 10, 1965. Boyer made the following statement in the claim he signed, in response to the instruction to describe how the accident occurred: "On my way home from work in a truck owned by my employer and driven by my foreman. Truck went off the road and collided." Boyer signed his name immediately below the following statement on the claim form: "I hereby make claim for compensation for an injury resulting in my disability, due to an accident (or disease) arising out of, and in the course of my employment, and in support of it I make the foregoing statement of facts." Travelers, resisting Boyer's compensation claim filed with the compensation commission, took the position, *inter alia*, that Boyer "did not sustain an accidental personal injury arising out of and in the course of employment" by General Paving. As Judge Finan noted, the Maryland Workmen's Compensation Commission determined that it was "without jurisdiction" in the case and dismissed Boyer's claim "without prejudice." As Judge Finan also stated, Boyer filed no similar claim under the Virginia Workmen's Compensation statute. In a memorandum addressed to this Court in opposition to Travelers' motion for summary judgment, and filed on December 31, 1968 prior to the decision of the Court of Appeals of Maryland affirming Boyer's judgment against Hutzell, Boyer's counsel stated that "Boyer is not presently entitled to file a claim under the Virginia Workmen's Compensation Law, since, claim under any circumstances is barred if not filed within one year of the accident. One year has passed from the date of the accident involved in the instant case." However, the accident occurred on September 10, 1965 and one year had not passed when the Maryland Workmen's Compensation Commission disallowed Boyer's claim on January 6, 1966. Nor had one year passed when Judge McLaughlin filed his May 2, 1966 memorandum. Thus, there was seemingly time after May 2, 1966 for Boyer to file a claim under the Virginia Workmen's Compensation statute.[4] Compen-

---

4. Counsel for Hutzell, and counsel for the Fund, in a joint memorandum of law presented to this Court, contend that Travelers, in the proceedings before the Maryland Workmen's Compensation Commission, took the position, by entering a general denial, that Boyer did not sustain an accidental personal injury arising out of and in the course of employment; and that such a position is inconsistent with Travelers' position in this proceeding and estops Travelers from claiming herein

sation under the Virginia Compensation law was apparently available to Boyer if his claim had been timely filed.

 Before considering whether Travelers is entitled to the summary declaration it seeks, upon the merits of the case, based upon what Travelers contends are undisputed facts in this case, the possible applicability of the doctrine of collateral estoppel poses a threshold question. In view of Judge McLaughlin's clear determination, this Court holds that Boyer—but not Hutzell—is collaterally estopped from contending in this proceeding or in any subsequent proceeding involving the Travelers policy herein in suit that he was not injured on September 10, 1965 in the course of his employment by General Paving. In State of Maryland for use of Gliedman v. Capitol Airlines, Inc., 267 F.Supp. 298 (D.Md.1968), specifically approved and quoted from by the Court of Appeals of Maryland in Pat Perusse Realty v. Lingo, 249 Md. 33, 43–45, 238 A.2d 100 (1968),[5] Judge Northrop (267 F.Supp. at 304) wrote: "Four questions must be answered in the affirmative in order for the doctrine of collateral estoppel to be applicable"; those questions being:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

The factual issue in this proceeding which determines whether Boyer is precluded from recovery by exclusions (g) and (h) in the Travelers policy is identical with that finally determined by Judge McLaughlin against Boyer, namely: was Boyer injured in the course of his employment by General Paving? Boyer had his fair opportunity in Judge McLaughlin's Court, and could have filed, but did not do so, an appeal to the Court of Appeals of Maryland from the trial judge's dismissal of his action against General Paving based upon

that Boyer was in the course of his employment. But Travelers took that position before the Maryland Commission's ruling in January, 1966 and before Judge McLaughlin filed his memorandum in May, 1966. Neither Hutzell nor the Fund were or have been in any way prejudiced by Travelers' inconsistency nor have either of them shown any reliance thereon, misplaced or otherwise—and the same is true of Boyer. Neither "public policy" nor "good morals" nor any unique situation nor any considerations of justice require in this case that Travelers be punished or Hutzell, the Fund or Boyer be rewarded because Travelers has asserted alternate or even inconsistent positions. *Cf.* Stone v. Stone, 230 Md. 248, 253, 186 A.2d 590 (1962); Maryland Law Encyclopedia *Estoppel*, No. 43; 28 Am. Jur.2d 697, *Estoppel* 69. *Cf.* Rule 301(a) of the Maryland Rules of Procedure providing that a party in any action may plead in answer to any pleading in the alternative as many matters as he may

deem necessary, regardless of consistency. 9B Ann.Code of Md. p. 88 (1957).

Similarly, the inconsistency, if any, in the positions taken by Boyer poses no barrier to Boyer in this proceeding. On the other hand, as discussed *infra*, Boyer is barred by the doctrine of collateral estoppel. The application of that doctrine, however, relates to what was presented and decided in the proceedings before Judge McLaughlin and not in any way upon any inconsistency in positions taken by Boyer.

5. It would appear that this Court should apply the Maryland law on collateral estoppel. State of Maryland for Use of Gliedman v. Capitol Airlines, Inc., *supra* at 302. *See* Angel v. Bullington, 330 U.S. 183 (1947), discussed in 1B Moore, Federal Practice § 0.409 [2] (2d Ed. 1965); and in Hart and Wechsler, The Federal Courts and the Federal System 660–69 (1953).

Judge McLaughlin's conclusion that Boyer was injured in the course of his employment by that company. Boyer therefore cannot be permitted in this Court to urge a factually opposite position to that decided by Judge McLaughlin. Therefore, Boyer is collaterally estopped herein and cannot claim coverage under the Travelers policy in connection with the September 10, 1965 accident.

On the other hand, Hutzell, while a party to the state court suit, would not seem to have had a fair opportunity to be heard on the issue of Boyer's status at the time of the accident and no opportunity at all to be heard on the issue of his own status at that time. The latter question, pertaining to Hutzell's status, was not relevant in Boyer's suit; the former issue, pertaining to Boyer, was not relevant to Hutzell's defense, but was controlling with regard to General Paving's defense. Hutzell was defended by counsel who represented both General Paving and Hutzell and who successfully filed the motion to dismiss on behalf of General Paving, and who took a position in so doing which now turns out to be harmful to Hutzell herein though it was not so harmful in the proceeding before Judge McLaughlin. To apply the equitable doctrine of collateral estoppel to Hutzell, under these circumstances, and to deprive him of the opportunity to claim that Boyer was not acting in the business of General Paving when the accident occurred, would be manifestly unfair.[6]

But while Hutzell may thus evade the threshold bar of collateral estoppel, neither he nor Boyer, regardless of the applicability or nonapplicability of that doctrine, can successfully resist the twin impact of the terms of the policy Travelers issued to General Paving and the undisputed facts in this case which show that General Paving provided transportation between home and work to Boyer and Hutzell as part of their respective compensation arrangements. When an employer furnishes transportation to an employee, the majority of courts have held that the transportation is an incident of the employment and that injuries occurring during a period of furnished transportation between home and work and vice-versa occur in the course of his employment. In Travel v. Bechtel Corporation, 242 Md. 299, 304, 219 A.2d 43 (1966), Judge Oppenheimer wrote that the Maryland Workmen's Compensation Act does not generally cover injuries received while going to or from work in public streets but that there are several exceptions to that rule, one exception being "where," as stated in Watson v. Grimm, 200 Md. 461, 467, 90 A.2d 180, 182 (1952), "the employer furnishes the employee free transportation to and from his work as an incident of the employment." Watson v. Grimm, *supra,* involved the Maryland Workmen's Compensation law, as did, to the same effect, Harrison v. Central Construction Co., 135 Md. 170, 108 A. 874 (1919). There do not appear to be any Maryland cases involving the construction of the omnibus clause and exclusionary provisions in automobile liability policies which pose that same precise issue.

Defendants herein contend that even if Hutzell and Boyer were acting in the course of their employment during the early part of their drive home from work on September 10, 1965, they de-

6. The Fund contends that it was not a party to the state court proceeding and that therefore it cannot be barred herein under the doctrine of collateral estoppel. The Fund points to the portions of Judge Finan's opinion stressing the public policy of Maryland with regard to, and Maryland's interests in, adequate recovery by a Maryland motorist for damages he suffered on Maryland highways from the negligence of another Marylander. Whether the Fund is in the same status as Hutzell insofar as the application of any collateral estoppel in this case is concerned poses a question which does not require an answer in view of this Court's holding that Hutzell is not collaterally estopped herein by Judge McLaughlin's dismissal of the suit by Boyer against General Paving and the statements he made in his accompanying memorandum.

viated from and departed from and out of their employment when they stopped for and consumed beer. However, it is clear that that occurrence does not constitute such a deviation for personal purposes as to break the link connecting Hutzell and Boyer with their respective employments. In Rumple v. Henry H. Meyer, Inc., 208 Md. 350, 118 A.2d 486 (1955), a Workmen's Compensation Act case, the claimant, who was supplied, without cost to him, with a company truck "to drive to and from work and drive it just the same as if it were his own truck," (at 355, 118 A.2d at 489) finished his work on a Sunday about noon and drove the truck to a tavern with two other co-employees as his passengers. After each of them had two beers, and after his two companions left the tavern separately, the claimant drove alone to a restaurant, ate dinner in mid-afternoon, stopped at a customer's place of business, returned to the same tavern around 8 or 9 p.m., drank soft drinks only until closing time at midnight and started to drive home. En route, a tire burst, and an accident occurred "[a]t the precise spot and in the same way as it could have happened if the claimant had driven directly home upon leaving the shop, * * *" (at 358, 118 A.2d at 489). The Court noted (at 356, 118 A.2d at 488) that the tavern "is not in the direction of [i.e., not between the place of employment and] claimant's home," but held that there was nothing in the claimant's arrangement with his employer "to even suggest that the claimant was required, upon discontinuing work for the day, to go directly home." (at 359, 118 A.2d at 489).

In the *Rumple* case, the delay and the travelling around seemingly had no causal connection with the bursting of the tire which caused the accident. In this case, the consumption of beer might have had a causal connection with Hutzell going to sleep at the wheel. However, in the case at bar, Hutzell and Boyer did not detour from their direct route home. The fact that they stopped for several cans of beer did not alter the continua-

tion of the course of their employment which started in the morning when they left home for work and was not scheduled to end until they arrived home in the later afternoon.

In Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 164 F.2d 571 (4th Cir. 1947), questions arose concerning coverage of a liability policy in connection with the death of an alleged employee of the insured who was killed while being transported in a truck belonging to his alleged employer during transportation from the job site to his home at the end of a working day. The case involved an omnibus clause and an exclusionary clause similar to exclusion (h) in the Travelers policy herein. Judge Parker, speaking for Judges Soper and Dobie, stated (at 573): "The purpose of the exclusion clause is to limit coverage to liability for injury to members of the general public and to exclude liability to employees of the insured [citations omitted]." In Stukes, *supra* at 574, the Court refused to accept the contention that "a person in South Carolina is to be held an employee 'engaged in the discharge of the duties of his employment' for purposes of the [South Carolina] Workmen's Compensation Act [citation omitted], but not such an employee where an insurance policy is involved. There is no decision of the South Carolina courts to that effect; and in matters of this sort there is every reason why confusion in the law should be avoided. It should not be overlooked, furthermore, that these public liability policies are drawn with the express purpose of excluding injuries covered by the workmen's compensation law. One of the provisions of the policy in question excludes any obligation 'for which the uninsured * * * may be held liable under any workmen's compensation law.'" The last quoted sentence is applicable verbatim in the within case. While, in Stukes, Judge Parker was applying South Carolina law, nothing in the Maryland statutes or cases would appear in conflict with his reasoning as stated in Stukes.

In State Farm Mutual Automobile Ins. Co. v. Braxton, 167 F.2d 283 (4th Cir. 1948), an employee was injured in Virginia while being driven part way home after work by his employer in his employer's truck. Public transportation was available, as distinguished from its lack of availability to Hutzell and Boyer. An exclusionary clause in the policy combined certain features of paragraph (c) of the omnibus clause and of exclusion (h) in the policy in this case. Judge Dobie, citing and relying upon the *Stukes* case, wrote (at 284):

> It is well settled that the primary purpose of an exclusion clause in a public liability policy, such as is now before us, is to draw a sharp line between employees, who are excluded, and members of the general public.

*See also* Webb v. State Farm Mutual Automobile Ins. Co., 151 F.Supp. 359 (S.D. W.Va. 1957), in which Judge Harry Watkins, noted (at 365) that there were no decided West Virginia cases other than those involving claimants under that State's Workmen's Compensation statute and held that an employee injured in the course of transportation was barred from coverage under an automobile liability insurance policy by an exclusionary clause similar to exclusion (h) in the Travelers policy involved in this case.

In Farm Bureau Mut. Auto. Ins. Co. v. Smoot, et al., 95 F.Supp. 600 (S.D. W. Va. 1950), a case involving an exclusion similar to exclusion (h) herein, the Court held that the existence of an agreement to supply transportation presented a question of fact. However, in that case, those claiming on behalf of the injured persons stated in an affidavit that the furnishing of transportation by the employer (who was the father of the injured employees) was a gratuitous act and was not consideration for their work. By contrast, in the within case, Boyer and Hutzell were promised and received free transportation as part of their compensation.

In Campbell v. American Farmers Mutual Insurance Co., 238 F.2d 284 (8th Cir. 1956), the Eighth Circuit, applying Missouri law, construed employment to include free travel from the defendant's place of employment to her home in a vehicle operated by a co-employee, and granted declaratory relief to an insurance company which had issued a liability policy containing an omnibus clause similar to that in the Travelers policy in this case. In so doing, the Court rejected the contention that Workmen's Compensation cases were controlling in a case involving the construction of an automobile liability insurance policy and in determining whether the injured party was in the course of her employment at the time of the accident. To the contrary is the holding in B & H Passamore Metal & Roofing Co. v. New Amsterdam Cas. Co., 147 F.2d 536 (10th Cir. 1945), in which the Tenth Circuit, applying Oklahoma law and construing exclusionary clauses in a liability policy similar to exclusions (g) and (h) in this case, held that an employee, who was killed while being transported to a place of work in his employer's truck by the alleged negligence of the employer, was not employed in the business of his employer at the time of the accident. In so doing, the Court expressly refused to apply Oklahoma cases construing the Workmen's Compensation law to the contrary, stating that (at 538) the "liability of the employer under the Workmen's Compensation law arises from the law itself rather than from any agreement of the parties" and that with regard to the former, it is "a remedial statute and should receive a liberal construction in favor of the injured employee" and with regard to the latter, under Oklahoma law, an exclusionary clause in a liability policy must be strictly construed against the insurer. In *Stukes* (164 F.2d at 574), Judge Parker declined to follow the rationale of *Passamore*.

Defendants contend that the provisions of the Travelers policy are ambiguous and should therefore be construed against the insurance company. But this Court finds nothing ambiguous in the language of the omnibus clause

and exclusions (g) and (h) in that policy. In addition, Maryland does not strictly construe an insurance policy against the insurer. In Ebert v. Millers Mut. Fire Ins. Co., 220 Md. 602, at 610–611, 155 A.2d 484, at 488–489 (1959), Chief Judge Brune wrote:

> A general rule as to the construction of an insurance policy is that the intention of the parties is to be ascertained if reasonably possible from the policy as a whole. * * * Maryland has not adopted the rule followed in many jurisdictions that an insurance policy is to be most strongly construed against the insurer. * * * On the other hand, as in other cases involving the construction of contracts, where an instrument is drawn by one party an ambiguity will be resolved against the party who drafted the document. * * * [Citations omitted.]

■ Counsel for Hutzell and the Fund, also, contend that exclusion (g) in the policy, and seemingly exclusion (h) as well, should not be applied because Boyer cannot now obtain workmen's compensation in Virginia. But any such reading of those policy exclusions would appear unwarranted, at least in the context of this case. While the Court of Appeals of Maryland, in affirming Boyer's judgment against Hutzell, permitted an employee to recover against a co-employee for the former's injuries caused by the latter, it did not indicate in any way that the employer is required to provide liability coverage for such an accident in addition to workmen's compensation insurance, or that policy exclusions, such as those set forth in exclusions (g) and (h) of the Travelers policy in this case, should be read out of the policy whenever a fellow employee is held liable and the injured employee, for some reason, fails to obtain workmen's compensation benefits. Nevertheless, Hutzell and the Fund take the position that in a case in which workmen's compensation coverage is not available, either because it was never available, or because it was once available but is no longer available, the policy exclusions

cannot be permitted to bar an effective tort remedy. In this connection, Hutzell and the Fund point out that the Fund provides only $15,000 of insurance with which to satisfy the unpaid judgment of an employee of General Paving, i.e., Boyer, of $70,000 against a co-employee of General Paving, i.e., Hutzell. But the Maryland legislature has not required that automobile liability insurance coverage be provided by an employer to cover the unsatisfied liability of an employee who injures a fellow employee in the course of their employment, by negligent operation of an automobile upon the public highways of Maryland; and unless and until it does so, this Court clearly should not so provide by judicial fiat in a diversity case. Cf. Penn Threshermen & Farmers' Mutual Casualty Ins. Co. v. Travelers Ins. Co., 233 Md. 205, 213, 196 A.2d 76 (1963). And more particularly, see Art. 66½ of the Ann.Code of Md. (1967) § 131(b) (1), providing in part:

> A policy of insurance offered as proof of financial responsibility under this article may:
>
> * * * * * *
>
> (1) Exclude insurance against any liability of the person insured assumed by or imposed upon such person under any Workmen's Compensation Law. * * * [Emphasis added.]

■ In addition, even if this Court were in this case to read out of the Travelers policy all of its exclusions, there would remain the noncoverage for Hutzell under the omnibus clause, i.e., the definition of insured, and that definition's clear language would have to be disregarded to permit Hutzell and the Fund the relief they seek. See Davis v. Travelers Insurance Company, 295 F. 2d 205 (5th Cir. 1961), in which an employee, who alleged he was not covered by the Louisiana Workmen's Compensation Act, was denied relief after sustaining injury in an accident en route from home to work in a truck driven by a co-employee and owned by the employer. Judge Wisdom noted that the standard omnibus (definition) clause (which was

the same except for the immaterial transposition of two words as the omnibus clause in the Travelers policy in this case) excluded from coverage liability for an employee's negligence causing injury to a fellow employee during the course of their employment and involving the use of a motor vehicle in the business of their employer. Stating (at 206) that under Louisiana law "when an employee is injured while travelling to work in a truck or car furnished by the employer such injury is considered to have occurred in the course of his employment," Judge Wisdom held the employee who was responsible for the injury was not an additional insured under the omnibus clause. Therefore, Judge Wisdom concluded, it was not necessary to construe an exclusionary provision in the policy (similar to exclusion (g) in the policy in this case) which the injured employee contended was not applicable to him because, as an agricultural worker, he was not covered by the Louisiana workmen's compensation statute.

For the reasons stated herein, Travelers is entitled to the summary declaratory relief it seeks. Counsel will prepare an appropriate order.